EDWIN A. WETMORE AND WILLIAM L. WETMORE v. MARTIN PATTISON.

*Measure of damages—Construction of agreement.*

The measure of damages for failure to fulfill a contract to furnish saw-logs cannot be fixed by the loss occasioned to the other party from his own consequent failure to supply lumber therefrom under a contract subsequently made with other persons, the first contract not having been made on the strength of the second.

Damages for non-performance of a contract of supply are such as result directly from the default and may be supposed to have been in contemplation of the parties, but are not such as would be measured only by the possibilities of whatever scheme may have been based on the contract by the party to whom performance was due.

In a contract by which one party was to furnish saw-logs to the other, the latter agreed that the former should not pay more than a fixed amount stumpage on certain lands. *Held* that this implied that the parties contemplated that the logs were to be obtained from those lands, and that the party who assumed to fix the price of the stumpage claimed the right to dispose of it and thereby assured to the other party the right to cut on those lands.

Where a special agreement by one of the parties to a contract is obscure it may properly be interpreted most strongly against the party making it.

Error to Marquette. Submitted Jan. 14. Decided Jan. 28.

ASSUMPSIT. Plaintiffs bring error. Affirmed.

*F. O. Clark* for plaintiffs in error. Damages for breach of contract are such as naturally result therefrom: *Clark v. Moore* 3 Mich. 60; Sedgwick on Damages (5th ed.) 260: 2 Greenl. Ev. § 261; or such as will compensate the party wronged for his injury: *Allison v. Chandler* 11 Mich. 542; and cover loss of profits that would have been realized if the breach had not happened: *Burrell v. N. Y. etc. Salt. Co.* 14 Mich. 39; *Hopkins v. Sanford* 38 Mich. 613: 41 Mich. 243.

*Egbert J. Mapes* for defendant in error.

Graves, J. On the 17th of May, 1878, the parties entered into a written contract by which Pattison for certain considerations therein stated agreed to furnish certain saw-logs to the plaintiffs. He furnished a part of the number but failed to supply the whole. It was part of the agreement of the plaintiffs that Pattison should not pay over fifty cents a thousand for towing, nor more than one dollar per thousand feet stumpage on any land owned by Lac la Belle Company, or the Marquette Lumber Company, or William L. Wetmore and Bay Furnace Company.

The plaintiffs brought this action to recover damages of Pattison for his failure to fulfil the contract, and he claimed as matter of defense that it was the intent of their stipulation in the contract that he should be allowed to get the logs on the lands mentioned at one dollar per thousand for the stumpage, and should not be compelled to pay more than fifty cents per thousand for their towage, and that the plaintiffs failed to secure to him the right to get the logs on said lands, and the owners forbade and expelled him. For this he claimed damage by way of recoupment, and under the charge of the court the jury found in his favor to the amount of $5.

Several days subsequent to the contract between the plaintiffs and defendant the former made an agreement with a car company at Michigan City, to furnish them with the lumber expected to be sawed out of these logs. As a consequence of defendant's failure to perform, the plaintiffs were unable to keep their agreement with the car company, and they insist that their loss thus occasioned was a proper measure of damages.

This is not a correct view. The logs were not contracted for on the strength of the lumber agreement. The latter had no existence when the former was entered into. The plaintiffs after having made their contract with the defendant were at liberty, no doubt, to embark in such enterprises as they thought proper on the strength of it. It was a question

of business prudence how far it would be wise or safe to rely on the agreement with defendant. But they were not empowered to enter into such scheme or arrangement as they might choose, in reliance on his contract, and make him responsible in the event of his failure for whatever losses might happen through such secondary operations. To hold otherwise would be to visit the failure of performance with an amount of liability not dependent on the contract, but on the conjectural possibilities of any scheme built upon the contract by the party to whom performance is due. The damages for which one may be held liable in a contract of this nature, are such as flow directly from his own default, and which it is reasonable to suppose were within the contemplation of the parties on their entering into the contract.

It is said that the provision in the contract respecting the cost of towage and stumpage went no further than to secure Pattison against higher rates for any logs which he might be able to get on the lands referred to and did not involve any agreement that he should be privileged to obtain the logs there, and that consequently the judge erred in permitting him to recoup damages for having been stopped from cutting on such lands.

The language is very obscure but, on the whole, the construction claimed seems too narrow. The implication is unavoidable that the parties contemplated that the logs were to be obtained there, and that in contracting they proceeded under the expectation that they would be. Unless this was the understanding we cannot account for the pains taken to insert this stipulation, nor for the peculiar form given to it. The plaintiffs appear to have assumed to have power to fix the price of the stumpage, and this naturally presupposes, in the absence of any explanation otherwise, that they claimed the right to dispose of it, and it is not going far to say that the intent was to assure permission to the defendant to cut on these lands. This portion of the contract is the agreement of the plaintiffs and its obscurity justifies an interpretation most strongly against them.

We are not satisfied that there is any error in the judgment, and it must be affirmed with costs.

CAMPBELL, J. and MARSTON, C. J. concurred.

COOLEY J. did not sit in this case.