# PAPE v. FERGUSON ET AL.

[No. 3,416.   Filed February 4, 1902.]

PLEADING. —*Substituted Complaint.* — *Lost Pleading.* —A substituted complaint under § 382 Burns 1901, unless the contrary is shown, is presumed to be an exact reproduction of the original pleading, and takes its place as of the date of the original filing with reference to all pleadings and proceedings had subsequent to such original filing.   *p. 299.*

SAME.—*Amendment.*—Available error cannot be predicated upon the action of the court in permitting plaintiff to file an amended paragraph of complaint at the conclusion of the evidence and argument enlarging the amount of recovery to conform to the facts proved, when the evidence necessary to sustain the amended pleading was properly admissible under another pleading, and no objection thereto was made to the trial court.   *p. 300.*

EVIDENCE.—*Action for Breach of Contract.*—*Sales.*—In the trial of an action for damages for a breach of a written contract to sell and deliver logs and lumber, notes executed by plaintiff under the contract, and paid, were properly introduced in evidence for the purpose of showing plaintiff's compliance with the contract.   *p. 302.*

SAME.—*Letters.*—It was not error to admit in evidence a copy of a letter, the original of which had been placed in an envelope addressed to defendant, and properly stamped and mailed.   *pp. 302, 303.*

APPEAL AND ERROR.—*Exceptions.*—*Objections.*—Only such objections to the introduction of evidence as are made to the trial court will be considered on appeal.   *p. 303.*

TRIAL.—*Evidence.*—If an answer is responsive to a question to which no objection is made, a motion to strike out the answer is not available.   *p. 303.*

SALES.—*Breach of Contract.*—*Measure of Damages.*—*Evidence.*—Where in an action for the breach of a contract to furnish lumber to plaintiff it appeared that plaintiff purchased the lumber for the purpose of resale it was not error to permit proof as to what the lumber was worth from the time of the failure to furnish it upon order to the institution of the suit.   *pp. 303, 304.*

SAME.—*Breach of Contract.*—*Measure of Damages.*—*Value of Articles Sold.*—*Evidence.*—Where in an action for breach of contract to deliver lumber it was shown that the lumber had no market value, evidence as to its actual value was properly admitted.   *p. 304.*

TRIAL.—*Evidence.*—*Cross-Examination.*—Where plaintiff in an action for breach of contract to furnish lumber intended for resale testified upon direct examination to offers for certain lumber, and it

was disclosed on cross-examination that the offers were in writing, and upon written orders to defendant, which were produced and were in the hands of defendant's counsel, it was not error to permit the written orders to be read as a part of the reëxamination of the witness. *p. 304.*

EVIDENCE.—*Contracts.—Letters.—Compromise and Settlement.*—In an action for the breach of a contract to deliver lumber, a letter written by plaintiff to defendant containing some matter concerning an offer to compromise was properly admitted in evidence, where the court limited it to showing whether the plaintiff had abandoned the contract. *p. 304.*

SALES.—*Breach of Contract.—Measure of Damages.*—Where in the trial of an action for damages for breach of contract to furnish lumber to plaintiff it was shown that the lumber was purchased by plaintiff and paid for at the time for the purpose of resale, which was known to defendant at the time the contract was made, the measure of damages is the actual value of the lumber at the place and time of delivery. *pp. 304–306.*

From Allen Superior Court; *E. O'Rourke*, Special Judge.

Action by John Ferguson and others against Charles Pape for damages for breach of contract to furnish lumber and logs. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*L. M. Ninde, D. B. Ninde, H. W. Ninde* and *L. J. Ninde*, for appellant.

*H. Colerick* and *W. G. Colerick*, for appellees.

ROBINSON, P. J.—Suit by appellees for damages for breach of a written contract to sell and deliver logs and lumber. The case was tried by the court, and at the conclusion of the evidence and the argument, both parties being present, it was shown to the court that the original complaint, in three paragraphs, had been lost; and upon leave of court, and without objection, appellees filed a substituted complaint. The statute expressly authorizes such proceeding. §382 Burns 1901. Such substituted complaint, unless the contrary is shown, is presumed to be an exact reproduction of the original pleading and takes its place as of the date of the original filing with reference to all pleadings filed and proceedings had subsequent to such original filing.

At the time of filing the substituted complaint, both parties being present, appellees, without objection, filed an amended first paragraph of complaint. Three days later, both parties being present, the court filed its finding of facts and conclusions of law. At no time was any objection made to the trial court to the filing of the amended pleading, nor was any attempt made by appellant to show the trial court that he was misled or prejudiced by the amendment. It was based upon the same written contract and did not change the cause of action. It did enlarge the amount of recovery, but it conformed to the facts proved. The evidence necessary to sustain the amended pleading was properly admissible under another paragraph of the complaint. See, *Raymond* v. *Wathen*, 142 Ind. 367; *Stanton* v. *Kenrick*, 135 Ind. 382; *Child* v. *Swain*, 69 Ind. 230.

At a subsequent day, at the same term, and before judgment, the court modified three of its findings and its conclusions of law. These modifications were as to the date when interest should begin, and it is not claimed that they were not authorized from the facts proved. Moreover, as the modifications were all in appellant's favor, they could not have been to his prejudice. *Royse* v. *Bourne*, 149 Ind. 187; *Thompson* v. *Connecticut, etc., Ins. Co.*, 139 Ind. 325; *Dowell* v. *Talbot Paving Co.*, 138 Ind. 675.

The court found the facts to be that on the 5th day of October, 1897, appellees and appellant entered into a written contract, by the terms of which appellant agreed to sell appellees certain lumber and logs at an agreed price, in payment for which appellees agreed to execute their three certain notes or acceptances, due in sixty, ninety, and one hundred and twenty days, each in the sum of $2,200; and on the same day appellees executed and delivered to appellant these notes or acceptances, which, at the request of appellant, were made payable to the Peters Box and Lumber Company, a corporation of which appellant was president, and which notes were afterwards by such corporation trans-

ferred, by indorsement thereon, and delivered to appellant, who discounted them at a bank and received the amount of such notes less the discount thereon, and appropriated the same to his own use. All of the notes were afterwards paid by the appellees as they severally matured. The $6,600 represented by these notes was intended by appellees to be, and was received by appellant as a prepayment by the appellees for the logs and lumber mentioned in the contract. Appellant never repaid the $6,600, excepting the sum of $4,016.74, which was paid by appellant by delivering that amount of lumber, leaving a balance due appellees of $2.583.26, with interest thereon at six per cent., making a total of $2,732.67. Appellant failed and neglected to deliver the balance of the logs and lumber, although requested in writing so to do. Appellees in all things complied with and performed the provisions of the contract on their part, and the only part of the contract which appellant on his part complied with was the delivery by him of lumber to the amount above mentioned. At the time the contract was made, appellees and appellant were dealers in lumber, and appellant knew that appellees purchased from him the lumber and logs for the purpose of reselling at a profit. Facts are also found showing that appellees had orders from customers for the lumber and logs at a certain price, and were prevented from selling them at such price because of appellant's failure to deliver them; and the court also found the value of the lumber and logs at the time and place they should have been delivered, that appellant had ample time and opportunity to make the delivery, and that, because of the failure to deliver the balance of the lumber and logs, appellees had been damaged in a named sum, which, with interest, amounted to $1,110.72. The court also found that under another and different contract, made some time before the contract in question, appellees, at the beginning of this action, were indebted to appellant in the sum of $1,081.23, and that appellant was

entitled to a further set-off in the sum of $346.56. The court stated as a conclusion of law that appellees were entitled to recover from appellant the sum of $2,415.60. The evidence sustains the court's findings, and no conclusion of law could have been made, other than that stated.

Objection was made to the introduction in evidence, by appellees, of these notes or acceptances. The contract upon which suit was brought provided that appellant was to deliver to appellees certain lumber and logs, and that appellees, upon the execution of the contract, should execute to appellant their acceptance for $6,600; $2,200 to mature in sixty days, $2,200 in ninety days and $2,200 in four months from date of contract, which sum appellant was to indorse on his book to appellees' credit, and, upon the receipt and acceptance of lumber and logs, appellant should charge against such credit the amount of such shipments until the amount of such shipments should equal the credit, at which time the contract was to end. These notes or acceptances were certainly competent evidence, under the substituted pleadings, to show a compliance with the contract by appellees. It is true, the payee named is the Peters Box and Lumber Company; but the third paragraph of complaint avers that this company was a corporation of which appellant was and is president, and that the notes were executed to the corporation at appellant's request, and were afterwards by the corporation assigned by indorsement and delivered to appellant, who discounted them at a bank, and appropriated the proceeds to his own use, and that all the notes were paid by appellees as they matured.

Objection was made to the introduction in evidence by appellees of a copy of a letter, the original of which had been placed in an envelope addressed to appellant and properly stamped and mailed at the postoffice. The witness designated the copy as an "impression copy," by which he said was meant an exact copy. The court, upon application, ordered the production of the original, to which order objec-

tion was made because of the limited time appellant had been notified. But aside from the question of the sufficiency or insufficiency of the notice, it appears that appellant's son, designated as clerk or secretary, testified that he made search for the letter in the places where letters were kept, and did not find it, and did not think any further search would discover it. From the facts disclosed, the presumption is that the letter was received. "The rule is well settled," said the court in *Rosenthal* v. *Walker*, 111 U. S. 185, 4 Sup. Ct. 382, 28 L. Ed. 395, "that, if a letter properly directed is proved to have been either put into the postoffice or delivered to the postman, it is presumed, from the known course of business in the postoffice department, that it reached its destination at the regular time, and was received by the person to whom it was addressed." In the above case a letterpress copy was introduced, and in this case the copy introduced was an exact copy. *Schutz* v. *Jordan*, 141 U. S. 213, 11 Sup. Ct. 906, 35 L. Ed. 705. In the case at bar the original letter was afterwards produced, and, no available objection having been made to its introduction, it was read in evidence.

A letter written by appellees to appellant containing an order for certain lumber under the contract, was not incompetent because the order was given on January 8th, as the contract provided that appellant agreed to furnish all the lumber by the first day of January, if so ordered by appellees, and the condition of the weather and roads would permit of such delivery.

Only such objections to the introduction of evidence, as are made to the trial court will be considered on appeal.

If an answer is responsive to a question to which no objection is made, a motion to strike out the answer is not available.

There was no reversible error in permitting a witness to answer what certain lumber agreed to be furnished by the contract was worth from the time of the failure to furnish

it, upon order, to the institution of the suit. It appears that, at the time of the execution of the contract, appellant knew that appellees purchased the lumber and logs for the purpose of resale at a profit. In arriving at the actual damage the court is not, in all cases, necessarily limited to any particular market value. There was evidence to show that appellees had orders for the lumber and logs at certain prices, and could have sold at these prices, and were prevented from making the sales because of the failure of appellant to deliver them. There was also evidence that the lumber and logs had no particular market value, and, upon this showing, evidence as to the actual value was proper.

One of the appellees testified upon direct examination that they had had offers for certain lumber. Upon cross-examination appellant's counsel went fully into the question of these offers, and it was disclosed they were in writing; and upon the written orders, which were produced and were in the hands of appellant's counsel, the witness was cross-examined. As appellant himself had disclosed and had fully inquired about the orders, it was not error to permit the orders themselves to be read as a part of the reëxamination of the witness.

Upon cross-examination of one of the appellees it was sought to establish the fact that appellees had released appellant from the delivery of the logs, and by their conduct had abandoned that part of the contract. The letter contained some matters concerning an offer to compromise that was not proper evidence; and the court stated at the time that this could not be used against appellant, and admitted the letter upon the reëxamination of the witness for the purpose of showing the attitude of appellees with reference to a performance of the contract. The letter was properly admitted for the purpose thus limited,—of showing whether appellees had abandoned the contract.

Several questions argued by counsel may be considered together as they all involve a determination of the proper

measure of damages.   The timber and logs were purchased
and paid for at the time, for the purpose of reselling, and
this fact was known to appellant at the time the contract
was made.   The general rule is that appellees were entitled
to recover as damages such loss to them as was shown to be
the direct fruits of the broken contract.   These damages
are usually stated to be the difference between the contract
price and the market value at the time and place of delivery.
The law excludes uncertain and contingent profits as dam-
ages for breach of a contract, and also such damages as could
not reasonably be supposed to have been in the contempla-
tion of the parties at the time they made it as the probable
result of its breach.   If the lumber and logs in question had
been purchased for the purpose of a special resale, and that
fact had been communicated to appellant at the time of
making the contract, the measure of damages would be the
profit which would have accrued had appellant performed
his contract.   Sutherland on Damages, (2nd ed.) §662;
*Rahm* v. *Dieg*, 121 Ind. 283; *Carpenter* v. *First Nat. Bank*,
119 Ill. 352, 10 N. E. 18; *Cockburn* v. *Ashland Lumber
Co.*, 54 Wis. 619, 12 N. W. 49; *Wetmore* v. *Pattison*, 45
Mich. 439, 8 N. W. 67.

It is true, the findings show that appellees had orders for
the lumber and logs at certain prices, which orders they
were prevented from filling because of appellant's failure
to deliver them; but the value of the lumber and logs at the
time and place of delivery is also stated, and from this basis
the damages are reckoned.   The particular lumber and logs
not delivered consisted of 100,000 feet of car sills and forty-
six hickory logs, twenty-eight to thirty-two feet long.
There was evidence that this particular kind of lumber and
logs had no particular market value, and witnesses were per-
mitted to testify as to their actual value.   The court states
in the findings what the value was at the time and place of
delivery.   This, from the evidence, means actual value.
The market price of a thing is no more than evidence of its

value. The market value, where there is one, is the proper criterion; but if there is no market value at the time and place, resort must be had to the actual value at the time and place of delivery. The value at the market where such commodities are usually sent for sale, and the cost of transportation from the place of delivery may be shown. This was done in the case at bar, but the basis upon which the damages were estimated was the actual value at the time and place of delivery. The actual value of this particular kind of lumber and logs for the purpose of resale at the time and place of delivery must be held to have been within the contemplation of the parties at the time the contract was made. *Rahm* v. *Dieg*, 121 Ind. 283; *Vickery* v. *McCormick*, 117 Ind. 594; Sutherland Damages, (2nd ed.) §§653, 654; *McDonald* v. *Unaka Timber Co.*, 88 Tenn. 38, 12 S. W. 420; *Simons* v. *Ypsilanti Paper Co.*, 77 Mich. 185, 43 N. W. 864.

After a careful consideration of all the questions discussed by appellant's counsel, we find no error authorizing a reversal. No useful purpose would be subserved by lengthening this opinion with a further discussion of some of the questions raised. The record discloses that the case was carefully and fairly tried upon its merits, and a correct conclusion reached.

Judgment affirmed.