CAPPAERT *v.* EMMCO INSURANCE CO., INC.

1. INSURANCE—ALTERATION OF POLICY—ESTOPPEL—REFORMATION OF INSTRUMENTS.

Insurer whose agent, authorized to issue or countersign policies, orally notified insured that his tractor and semitrailer were covered for trips over a greater radius than that stipulated in policy, pursuant to insured's second request for increased coverage in such respect, before trailer was destroyed by fire at a place covered only by the modification, was estopped from proving previous limitation of coverage notwithstanding customary provision of policy that notice or knowledge possessed by an agent could not effect a change in any part therein and that change could be made only by written indorsement by an executive officer of insurer and delay by

agent in notifying insurer, hence insured could recover without first bringing suit for reformation of policy (3 Comp. Laws 1929, § 12337).

2. WITNESSES—CROSS-EXAMINATION UNDER STATUTE—MEMORANDUM TO REFRESH RECOLLECTION.

In action on insurance policy wherein issue was presented as to whether or not insurer's agent had made an effective indorsement covering loss of trailer prior to its loss, admission of memorandum made by agent's son, called for cross-examination under statute, to refresh his recollection as to date of letter written insurer to extend coverage pursuant to insured's request was proper (3 Comp. Laws 1929, § 14220).

3. APPEAL AND ERROR—ADMISSION OF EVIDENCE.

Appellant may not complain of admission in evidence of written memorandum which appears to have been offered by appellant itself.

4. INSURANCE—CONSTRUCTION OF INDORSEMENT.

In action on insurance policy for loss alleged to have been sustained, fact that policy indorsement covering loss was dated later than loss would not require retroactive construction where such indorsement was merely evidentiary of previous oral agreement.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 7, 1942. (Docket No. 29, Calendar No. 42,117.) Decided January 4, 1943.

Assumpsit by Geradus Cappaert against Emmco Insurance Company, Inc., a foreign corporation, on a fire insurance policy. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Jackson, Fitzgerald & Dalm,* for plaintiff.

*Howard, Howard & Howard,* for defendant.

BUTZEL, J. On October 21, 1940, defendant insurance company issued its policy, effective October 9, 1940, insuring plaintiff against losses of various kinds to his tractor and semitrailer. The policy

was signed in ink by "John Schuring, Jr." and "Leo D. Anderson," with the words "duly authorized agent" below their signatures. On the caption of the policy in a space provided for the name of the agent, the name of John Schuring, Jr., was typewritten, and there was also affixed to the policy a black and gold label bearing the agent's name and his address at Portage, Michigan. In a rider attached to the policy, signed by Leo D. Anderson, it was stated that insured warranted that during the period of the policy no regular or frequent trips be made "to any location beyond a 150-mile radius from the limits of the city or town of principal garaging of such automobiles."

Plaintiff paid a premium of $147.60. The policy contained the usual provision that notice or knowledge possessed by an agent could not effect a change in any part of the policy, and that such change could be made only by the written indorsement of an executive officer of the company. At the time of the issuance of the policy, the equipment insured was kept regularly in Kalamazoo, Michigan, and used for short hauls within the specified distance of 150-mile radius. The amount of the premium was determined by the distance of customary travel, a higher premium being charged by defendant for coverage of trips of a greater distance.

In January, 1941, plaintiff entered into a contract with the Merchants Parcel Delivery Company of Terre Haute, Indiana, to carry meat and general freight over longer distances. Some time in the same month or the first part of February, 1941, plaintiff called Schuring, with whom he had transacted business for at least the past 10 years, and told him he wanted further coverage because of his new contract. According to Schuring's own undis-

puted and positive testimony when called as a wit-ness by plaintiff for cross-examination under the statute,* Schuring told plaintiff that he was covered. About March 27 or 28, 1941, plaintiff again called Schuring and asked him where the indorsement was for the policy. Schuring told plaintiff that "we would take care of him," and that plaintiff was covered from that time on for longer distance haul-ing.

The trailer burned on March 29, 1941, near Rush-ville, Indiana, about 210 miles from Kalamazoo, or from 60 to 65 miles beyond the distance specified in the original warranty in the policy. Plaintiff im-mediately notified Schuring of the loss, and subse-quently made out a written report. An indorsement was issued by defendant company effective as of April 2, 1941, extending the radius to 300 miles, and shortly thereafter, defendant's adjuster, according to plaintiff's testimony, told plaintiff to order a new trailer and that an adjustment would be made. On May 13, 1941, defendant wrote plaintiff admitting that it had received notice of the loss on April 1, 1941, but denying liability on the ground of breach of warranty in the limitation of use rider to the policy, and inclosed the unearned premium figured as of January 1, 1941. The case was submitted to a jury which rendered a verdict of $1,800 in plain-tiff's favor.

The principal question is whether Schuring's oral extension of coverage and assurance that plaintiff was covered constitutes a waiver of the limitation of use indorsement in the original policy and estops defendant from proving such limitation. The testi-mony supports an affirmative answer. It shows in

---

* 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—REPORTER.

no uncertain manner that plaintiff requested coverage for longer hauls and that Schuring told him on two occasions that he was covered. It shows further that Schuring was an agent of the company and not merely a solicitor without the power or authority to issue or countersign policies or otherwise bind the company. 3 Comp. Laws 1929, § 12337 (Stat. Ann. § 24.131). Schuring's name appeared on the policy in the space provided for the name of the agent; he testified that he issued the policy; we further note that the words "duly authorized agent" appear below his signature on the policy. His testimony at the trial, "I told him he was covered under my say-so because I am an agent of the company," was not challenged. Such statement standing alone would not be proof of agency, but the agency was shown by other evidence. Defendant in fact makes no claim that Schuring was not an agent of the company. Rather it has been its theory throughout that if its admitted agent consented to an extension of coverage, it was necessary for plaintiff to bring chancery suit to reform the policy.

Under the cases of *Pollock* v. *German Fire-Ins. Co.*, 127 Mich. 460, and *Don G. McAfee, Inc.*, v. *Great American Indemnity Co.*, 289 Mich. 143, the failure of the company to perform the promise made by its general agent could not be set up as a defense to an action on the policy. After defendant, through its Portage agent, advised plaintiff that the trailer was insured for an increased radius, such coverage became legally effective to the extent that plaintiff could rely upon it. Defendant cannot now take advantage of its failure to take steps promptly through the delay of its agent. As a waiver and an estoppel have been shown, no suit for reformation is necessary.

Defendant objects to the admission of certain testimony. Schuring's son Thomas was called as a witness by plaintiff for cross-examination under the statute. He testified that he sent a letter to the insurance company on the 26th or 27th of March, 1941, requesting an indorsement covering a 300-mile radius. The letter was dated April 2, 1941, four days after the fire. Defendant's counsel objected to the admission of a piece of paper on which Thomas had made pencil notation on March 28, 1941, in accordance with the instructions given by his father, to write to the defendant for the indorsement. The admission of the memorandum was proper to refresh the witness's memory as to the date he was told to write the letter and thus indicate that it was subsequent to the date of the conversation between plaintiff and Mr. Schuring. The record shows, furthermore, that defendant itself offered the memorandum in evidence together with the letter to the State agent to prove that Schuring's son did not write to defendant until after the fire had occurred.

Defendant claims that since the indorsement is dated after the fire and could not be retroactive, the writing itself does not cover the loss; that, therefore, no case on the policy has been maintained. The declaration and plaintiff's reply and defendant's answer do show, however, that defendant's agent prior to the fire advised plaintiff that he was covered for the increased radius of usage. The limitation of use indorsement was thus extended, or at least the previous limitation thus was waived. While the declaration and the reply to defendant's answer might have been more complete, they fully brought out the issue so that there was no surprise. The declaration could even be

amended at this time, but we see no necessity of so doing. The indorsement of April 2, 1941, was merely evidentiary of the previous oral agreement. Other claims of error are disposed of by what has already been said. Those not so covered are insufficient to merit further discussion. We find no error.

Judgment affirmed, with costs to plaintiff.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.