HOUSE *v.* BILLMAN.

1. INSURANCE—LOCAL AGENTS—WAIVER OF EXPRESS PROVISIONS OF POLICY.

A local agent who is authorized to solicit insurance, sign and issue policies and collect and receipt for premiums has no authority under either the common or statute law of this State to waive the express provisions of an insurance policy (CL 1948, § 513.1).

2. SAME—LOCAL AGENTS—WAIVER OR MODIFICATION OF POLICY PROVISIONS—ESTOPPEL.

An insurer is not estopped from asserting defenses to an action against it that are based on express provisions of its policy which it had authorized its local agent to sign and issue, where the insurer has done nothing to hold out the local agent as possessing authority to change or modify its policies or to waive any of their provisions (CL 1948, § 513.1).

3. SAME—POLICY.

An insurance policy becomes the contract between the insured and insurer when issued and delivered.

4. SAME—KNOWLEDGE OF POLICY CONDITIONS—FRAUD.

An insured is held to a knowledge of the conditions of the policy even though he may not have read it, in the absence of fraud.

5. SAME—LOCAL AGENT'S PROMISE TO WAIVE POLICY PROVISIONS—NOTICE.

An insurance agent's promise to waive provisions of a policy in response to insured's oral request is not binding upon the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 29 Am Jur, Insurance §§ 806, 816.
[3] 29 Am Jur, Insurance § 147.
[4] 29 Am Jur, Insurance § 155.
[6] 29 Am Jur, Insurance § 669.
[6] Waiver of, or estoppel to assert, provision of policy respecting location of personal property covered thereby. 4 ALR2d 868.

insurer which has no notice thereof, where its policy provides for waiver only by express provisions in, or added to, the policy in writing (CL 1948, § 513.1).

6. SAME—FIRE POLICY—WAIVER OF RESTRICTIONS BASED ON LOCATION OF GOODS.

Liability of insurer under fire insurance policy covering household goods is limited to 10% of face value of policy, pursuant to provision of policy as to loss on property elsewhere than at insured location, where loss occurred at place to which insured property had been temporarily moved and no notice given to the insurer of such change nor written waiver of the restriction limiting liability made by the insurer.

7. COSTS—TRIAL—APPEAL—INSURANCE.

Costs of trial court are given plaintiff insureds in their action against insurer, where the amount of loss was stipulated and insurer admitted liability to the extent of 10% of face value of policy but made no tender thereof; and costs on appeal given to insurer, where judgment is limited to the admitted liability.

Appeal from Leelanau; Brown (Charles L.), J. Submitted June 18, 1954. (Docket No. 73, Calendar No. 46,060.) Decided October 4, 1954.

Case by Thomas W. House and Aileen House against Security Insurance Company, a foreign corporation, and Elmer Billman, its local agent, for fire loss sustained to furniture which had been moved to adjacent summer cottage. Verdict and judgment for plaintiffs against defendant insurance company only. Defendant company appeals. Reversed and remanded for entry of judgment in reduced amount.

*Harry T. Running,* for plaintiffs.

*Murchie, Calcutt & Griffin,* for defendant.

BOYLES, J. Plaintiffs sued the defendant insurance company and one Billman, its local agent, to

recover for loss, under a fire insurance policy. On trial by jury plaintiffs had verdict against the insurance company and judgment was entered accordingly for the full amount of their claim. No judgment was entered against Billman and he is not a party on this appeal.

Plaintiffs lived in a cottage they owned at Glen Lake, in Leelanau county. The policy in question covered their household goods and personal property in their home. During the life of the policy they moved part of their household goods into another cottage a short distance from their own, owned by the father of plaintiff Aileen House, and lived there during the summer. While there, a fire occurred resulting in loss of household goods. The instant suit is to recover for that loss.

Pertinent to the instant case, the policy stated:

"This policy covers the following described household and personal property contained in the composition roof frame building occupied for dwelling purposes, situated E/S Glen Lake, next South West of Forest Downs Plat. in Section 1, Twp., 28 North, Range 14 W.

City
Town } of Cedar, State of Michigan

"NOTE—*For information only.*—The above described building is occupied, or to be occupied, by one families.

"1 $4,000. ON household and personal property usual or incidental to the occupancy of the premises as a dwelling  *  *  *  (unimportant exceptions) while contained in the above described dwelling or appurtenant private structures or while on the above described premises.

"The insured may apply up to 10% of the amount specified for item 1 to cover property described therein and insured thereby  *  *  *  belonging to the insured or any member of the family of, and

residing with the insured, while elsewhere than on the described premises. * * *

"Waiver        No permission affecting this insur-
provisions      ance shall exist, or waiver of any
                 provision be valid, unless granted
herein or expressed in writing added hereto."

The plaintiffs claim that the insurance company's agent, Billman, waived the provisions of the policy limiting coverage to their home cottage designated in the policy, except to the extent of $400, and that Billman had the authority to do so. The insurer denies that Billman had such authority, and admits liability for $400 and no more.

For the purpose of decision here it may be considered that Billman was the authorized agent of the insurer, at Cedar, Michigan. The insurer provided him with standard form policies, which he was authorized to countersign, whereupon the policies, when so countersigned, became valid. It may also be considered here that Billman told the plaintiffs that the property which they were moving to another location would be covered by their policy. However, there was no written waiver or consent, or change in the policy by indorsement or otherwise, —and the insurer was not notified. The precise question here is not whether Billman had authority to countersign and issue policies, but did he have authority to change the provision in the policy limiting coverage to the designated place of residence of the plaintiffs with the exception of $400 if loss occurred in some other place.

Plaintiffs rely on *Cappaert* v. *Emmco Insurance Co., Inc.,* 304 Mich 130, in which case, after some dicta, it was finally held that after the insurer company had been notified of the change and had made

an indorsement on the policy to that effect, the statement of the general agent of the company that the coverage in the policy was or would be extended had estopped the insurer from denying liability. While the indorsement was belated, the Court said (p 135):

"Defendant claims that since the indorsement is dated after the fire and could not be retroactive, the writing itself does not cover the loss; that, therefore, no case on the policy has been maintained. The declaration and plaintiff's reply and defendant's answer do show, however, that defendant's agent prior to the fire advised plaintiff that he was covered for the increased radius of usage. The limitation of use indorsement was thus extended, or at least the previous limitation thus was waived."

In the instant case, the plaintiffs failed to offer any testimony as to the actual authority of Billman to bind the insurer. The defendant introduced testimony by Billman. It established that Billman had no authority to change a policy,—that it was done by indorsement, which was not done here. Billman testified:

"*Q.* You have authority from the company to issue a policy, have you not?
"*A.* Definitely.
"*Q.* That is, you countersign the policy?
"*A.* That is right.
"*Q.* The company writes the policy first?
"*A.* They do in my case.
"*Q.* Does the company ever authorize you to waive any written provisions in a policy?
"*A.* What do you mean?
"*Q.* Does your authority extend to changing the terms of the policy?
"*A.* Oh, no. Usually that is by indorsement.
"*Q.* But the company issues that indorsement, does it not?
"*A.* That is right."

The only other evidence bearing on Billman's authority to change the policy is the policy itself, which expressly requires that any change or waiver must be in writing.

In *Henne* v. *Glens Falls Insurance Co.*, 245 Mich 378, the plaintiff-insured called the office of the agent, some time after a policy had been issued, and requested that the coverage be transferred to a certain Union truck, instead of the G.M.C. truck mentioned in the policy. Later, the agent informed the plaintiff-insured that the transfer had been effected, although in fact no indorsement was obtained from the company. The policy provided that no assignment or transfer could be made without the written consent of the company. As in the instant case, the only evidence as to the agent's authority was his own testimony. Billman's testimony as to his authority has been heretofore quoted. The Court held (syllabi):

"A local agent who is authorized to solicit insurance, sign and issue policies, collect and receipt for premiums, has no authority under the settled law of this State and section 1, chap 3, pt 2, PA 1917, No 256,\* to waive the express provisions of the policy.

"Where there is nothing in the record to show that an insurance company in any way held out the local agency as possessing authority to change or modify its policies or to waive any of their provisions, it is not estopped from asserting that its policy issued on a certain motor truck did not insure another truck to which the insurance had not been transferred under the terms of the policy, although insured testified that he notified the agency to transfer it and was later informed that the transfer had been made."

"An insurance policy when issued and delivered becomes the contract between the parties.

---

\* CL 1948, § 513.1.—Reporter.

"In the absence of fraud, insured is held to a knowledge of the conditions of his policy, even though he may not have read it.

"An insurance solicitor, to whom an oral request was made to transfer a collision insurance policy on a motor truck, has no authority to waive the conditions of the policy in regard to transfer, and where no notice thereof was given the insurer, the solicitor's promise that the transfer would be made was not binding on it." *Serbinoff* v. *Wolverine Mutual Motor Insurance Co.* (syllabi), 242 Mich 394.

See, also, *Barry & Finan Lumber Co.* v. *Citizens' Insurance Co.,* 136 Mich 42.

At the trial, and again here, the amount of loss was stipulated, and the insurer has admitted liability to the extent of $400. However, the record here fails to show any tender by the insurer.

The judgment is set aside and the case remanded for entry of judgment for $400 for the plaintiffs, with costs of the trial court. Appellant will have costs of this Court on appeal.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.