PARMET HOMES, INC v REPUBLIC INSURANCE COMPANY

Docket Nos. 48960, 49401. Submitted May 6, 1981, at Detroit.—Decided September 14, 1981. Rehearing granted and after rehearing opinion amended with respect to the remand by order dated November 2, 1981. Leave to appeal applied for.

Parmet Homes, Inc., a builder in the business of constructing homes, acquired insurance against fire loss under a builder's risk insurance policy issued by Insurance Company of North America (INA). Kelter-Thorner, Inc., was the insurance agency which arranged for the coverage. The INA policy was in effect from 1973 to May 25, 1976, when Kelter-Thorner, without conferring with Parmet, allowed the INA policy to lapse and a new policy was procured by it from Republic Insurance Company. Under the INA policy, new housing starts had to be reported by Parmet every 90 days. Under the Republic policy, the reporting period was 30 days. Parmet suffered five fire losses in the summer of 1976 and Republic denied coverage on four of the losses because the 30-day reporting requirement had not been fulfilled. Parmet filed suit in Oakland Circuit Court against Republic and Kelter-Thorner, seeking recovery under the insurance policy. The jury rendered a verdict against both defendants in the amount of $297,818.67, and against Republic individually in the additional amount of $114,797.49. Judgment was entered, Alice L. Gilbert, J. Defendants filed separate appeals challenging the trial court's instructions to the jury. The appeals were consolidated. *Held:*

1. Under the circumstances of this case, the trial court did

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance § 754.
[2] 3 Am Jur 2d, Agency § 261 *et seq.*
[3] 3 Am Jur 2d, Agency §§ 359, 360.
[4] 43 Am Jur 2d, Insurance §§ 1055 *et seq.,* 1184, 1185.
[5, 6] 17 Am Jur 2d, Contracts § 287.
  44 Am Jur 2d, Insurance § 1347 *et seq.*
[7] 17 Am Jur 2d, Contracts §§ 441 *et seq.,* 521.
  22 Am Jur 2d, Damages §§ 56–62.
[8, 9] 22 Am Jur 2d, Damages §§ 171–178.
[10] 22 Am Jur 2d, Damages § 2.

not err in refusing to instruct the jury that the insured had a duty to read the insurance policy and could not claim ignorance of the policy's terms.

2. At no time did Republic argue that Kelter-Thorner was not its agent. Republic's claim of error in the trial court's instruction to the jury on apparent authority was not preserved for appeal.

3. Under certain situations, estoppel or waiver may operate to hold an insurer liable for coverage different from that expressed in the insurance contract. The elements of estoppel have been satisfied in this case. Republic, as principal of Kelter-Thorner, is vicariously liable for Kelter-Thorner's negligence.

4. The trial court erred in allowing plaintiff to present evidence of loss of profits on a financial arrangement with another company for the construction of unsold homes on lots owned by the other company. The contract between plaintiff and the other company was not within the contemplation of the parties at the time the insurance contract was made and damages for lost profits because of plaintiff's inability to perform that contract are not recoverable.

5. This cause is remanded to the trial court for entry of judgment on amounts of damages other than lost profits as stipulated to by the parties.

Affirmed in part, reversed in part and remanded.

1. INSURANCE — DUTY TO READ POLICIES.

Generally an insured is obligated to read his insurance policy and raise questions concerning coverage within a reasonable time after the issuance of the policy; an exception to this rule exists where the policy is renewed without actual notice to the insured that the policy has been altered.

2. AGENCY — LIABILITY OF PRINCIPAL.

A principal may be held liable for actions of his agent where the actions are within the scope of the agent's authority regardless of whether the party dealing with the agent had knowledge of the agency relationship.

3. AGENCY — SCOPE OF AUTHORITY — JURY QUESTION.

It is for the factfinder to decide whether an agent acted within the scope of his authority.

4. INSURANCE — LIABILITY OF INSURER — ESTOPPEL — WAIVER.

Estoppel or waiver may, in certain situations, operate to hold an insurer liable for coverage which may differ from the express terms of the insurance contract.

5. INSURANCE — CONTRACTS.

A contract to insure against fire loss is a commercial contract.

6. CONTRACTS — COMMERCIAL CONTRACTS — DAMAGES.

The injury which arises from breach of a commercial contract is a financial one, susceptible of accurate pecuniary estimation and generally limited to the monetary value of the contract.

7. CONTRACTS — DAMAGES.

The damages recoverable for breach of contract are those that arise naturally from the breach and were within the contemplation of the parties at the time the contract was executed.

8. CONTRACTS — DAMAGES — LOST PROFITS.

Loss of profits which result from a breach of contract may be considered in assessing damages for the breach.

9. CONTRACTS — DAMAGES — LOST PROFITS.

Both parties to a contract must have been aware at the time that the contract was executed that a breach of the contract would affect a specific collateral enterprise before it can be said that the loss of profits from the other venture was within the contemplation of the parties and recoverable as damages for breach of the contract.

10. CONTRACTS — DAMAGES.

The purpose of damages for breach of contract is to put the nonbreaching party in the same position he would have been in had the contract not been breached.

*Hyman, Gurwin, Nachman, Friedman & Winkelman* (by *Thomas J. Beale*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *D. J. Watters* and *Christine D. Oldani*), for Republic Insurance Company.

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for Kelter-Thorner, Inc.

Before: BASHARA, P.J., and N. J. KAUFMAN and J. L. BANKS,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Plaintiff, Parmet Homes, Inc., filed suit against defendants, Republic Insurance Company and Kelter-Thorner, Inc., seeking fire loss benefits under an insurance policy. The jury rendered a verdict against both defendants in the amount of $297,818.67, and against defendant Republic individually in the additional amount of $114,797.49. Defendant Kelter-Thorner, Inc., appeals the trial court's denial of its motion for judgment notwithstanding the verdict and for a new trial. Defendant Republic appeals entry of judgment.

Plaintiff is engaged in the business of constructing homes. From May 25, 1973, until May 25, 1976, plaintiff was insured against fire loss under builder's risk insurance policy issued by the Insurance Company of North America (INA). The INA policy was sold to plaintiff by Kelter-Thorner.

When the INA policy was about to expire, Kelter-Thorner reviewed the policy and determined that Republic Insurance Company could better meet the needs of plaintiff. Thus, on May 25, 1976, the INA policy was allowed to lapse and a new policy was procured from Republic. Although the testimony is conflicting, the evidence indicates that plaintiff was not consulted about the change but was mailed a copy of the new policy and invoices for payment of premiums containing Republic's letterhead.

The INA policy and the Republic policy had one critical difference: Republic required notice of construction starts every 30 days, whereas INA only required a report of new construction every 90 days.

During the summer of 1976, Parmet suffered five fire losses, one of which was paid by Republic and is not at issue. Republic denied coverage of the

four fires because the 30-day reporting require-
ment had not been fulfilled.

Parmet asserted at trial that it was unaware of
the fact INA was no longer its insurer and that,
under the INA policy, the report of new construc-
tion on the four lots was timely. Parmet claimed
negligence on the part of Kelter-Thorner in not
notifying it of the policy differences. Plaintiff sub-
mitted evidence that it only received correspon-
dence concerning "renewal" of policy, which indi-
cated to it that the INA policy was being contin-
ued. Kelter-Thorner argued that plaintiff was on
notice because the reporting forms supplied to
plaintiff stated that they were to be filed every 30
days. Plaintiff countered by arguing that the same
form was used when the INA policy was in effect,
which did not require 30-day filing and that Kel-
ter-Thorner had advised it to ignore the instruc-
tion so that plaintiff was led to believe that it
should continue to ignore the instruction when the
policy was "renewed". There was evidence that
Kelter-Thorner had established procedures for per-
sonal contact of insureds who are tardy in com-
pleting the reports but that there was no indica-
tion in plaintiff's file that such contacts were made
in this case. It was undisputed that plaintiff never
read the policy.

On appeal, defendants challenge the trial court's
instructions to the jury. Initially, they argue that
the court erred in refusing to instruct the jury
that the insured has a duty to read the insurance
policy and may not claim ignorance of the policy's
terms. The trial court instructed the jury as fol-
lows:

"Generally, I instruct you that the law in Michigan
places a duty upon an insured to read his insurance

policy. It is for you to decide what a reasonably careful person would, or would not do under the circumstances which you find existed in this case. If you find that Parmet Homes acted reasonably in believing the policy to be a renewal of the INA policy, then Parmet Homes does not have the duty to read the policy. If you find that a reasonably careful person would have read his policy under the circumstances which you find existed in this case, you may consider this with respect to the plaintiff's conduct in considering contributory negligence.

\* \* \*

"There is a specific rule of law which applies to the renewal of insurance policies. That rule is that an insurance company is bound by the greater coverage in an earlier policy where the renewal policy is issued without calling the insured's attention to a reduction in coverage."

Both defendants objected to these instructions.

An insured is obligated to read the insurance policy and raise questions concerning coverage within a reasonable time after the issuance of the policy. *House v Billman,* 340 Mich 621; 66 NW2d 213 (1954), *Russell v State Farm Mutual Automobile Ins Co,* 47 Mich App 677; 209 NW2d 815 (1973). However, there is an exception to the rule where a policy is renewed without actual notice to the insured that the policy has been altered. *Industro Motive Corp v Morris Agency, Inc,* 76 Mich App 390, 395-396; 256 NW2d 607 (1977). Although it is clear that, in fact, the Republic policy was not a "renewal" of the earlier INA policy, plaintiff presented evidence that it was led to believe such was the case. Under these circumstances, we find the above instruction to be in conformance with the law. *Industro Motive, supra.*

Republic also claims error in the trial court's instruction to the jury on the agency relationship

between Republic and Kelter-Thorner. The court charged the jury as follows:

"The relationship between Republic and Kelter-Thorner is that of principal and agent. Because of this, Republic is bound by all acts of Kelter-Thorner which are within the apparent scope of Kelter-Thorner's authority as agent for Republic.

"The apparent scope of Kelter-Thorner's authority to act for Republic is whatever authority a reasonable person would assume Kelter-Thorner to have by virtue of the fact that Republic held Kelter-Thorner out to the public as its agent for the purpose of selling and administering insurance policies.

"If you find that Kelter-Thorner made any statements or communications to Parmet or failed to make statments or communications which should have been made regarding the existence of coverage or the terms of coverage, such statements or communications or lack thereof are as binding upon Republic as they are upon Kelter-Thorner, provided they were made within Kelter-Thorner's apparent scope of authority to act for Republic.

"If you find that Kelter-Thorner, while acting as Republic's agent, had any knowledge or notice of facts which is relevant to the issues of this case, then you must find that Republic also had such knowledge or notice, even if such matters were not in fact communicated to Republic.

"Furthermore, a principal can be held liable for any negligent conduct of its agent if the conduct occurs within the apparent scope of the agent's authority. If you find such negligence on the part of Kelter-Thorner, you must find that Republic was liable for it as well as Kelter-Thorner."

Republic objected to the instruction on apparent authority, arguing that since plaintiff was unaware of the existence of Republic, the doctrine of apparent authority is not applicable. At no time did Republic argue that Kelter-Thorner was not an

agent of Republic. Thus, that allegation of error is not preserved for review.

Furthermore, the record clearly establishes that Kelter-Thorner was a licensed agent for Republic. Where an agency relationship exists, a plaintiff's knowledge of the agency is not necessary to hold the principal liable for the agent's actions which are within the scope of his authority. *Timmerman v Bultman,* 243 Mich 344, 347-348; 220 NW 754 (1928). The court properly left consideration of whether Kelter-Thorner was acting within the scope of its authority to the jury. *Lincoln v Fairfield-Nobel Co,* 76 Mich App 514, 520; 257 NW2d 148 (1977). Thus, Republic's argument is without merit. Also see, *Palmer v Pacific Indemnity Co,* 74 Mich App 259, 268; 254 NW2d 52 (1977), *State Automobile Mutual Ins Co v Babcock,* 54 Mich App 194, 202-203; 220 NW2d 717 (1974).

Republic also objected to the following instruction:

"Ordinarily parties are bound by the written terms of an insurance policy. However, the terms of a policy can be waived by the conduct or statements of an insurance agent. Such a waiver can occur when the agent knows an insured is seeking a certain kind of coverage, but the agent obtains a different kind of coverage without adequately informing the insured about the difference.

\* \* \*

"If you find that Kelter-Thorner was negligent in not advising Parmet Homes, Incorporated, of the change in the reporting clause between the INA policy and the Republic policy; and if you find that Parmet Homes, Incorporated, would have reported the building lost through fire to Republic Insurance Company within the 30-day reporting period, had it been advised of such a requirement; and you find further, that Republic Insurance Company would have issued insurance coverage on the homes lost through fire had they been reported;

then the actions of Kelter-Thorner, as agent for Republic Insurance Company, prevent Republic Insurance Company by way of estoppel from denying insurance coverage to those homes which you find would have been timely reported under the 30-day provision. In other words, if you find these facts to exist, the law removes the effect of that clause from the contract."

These instructions were given in conjunction with the instructions that the insured may be relieved from the duty to read the policy where the policy is one of renewal and where changes were not called to the insured's attention by the agent.

Republic asserts that the doctrine of waiver and estoppel cannot be used to bring into existence coverage where it does not otherwise exist. This argument begs the question. Our Courts have recognized that, in certain situations, estoppel or waiver may operate to hold a defendant liable for coverage which may differ from the express terms of the contract. See, *Industro Motive, supra,* and *Gristock v Royal Ins Co,* 87 Mich 428, 430; 49 NW 634 (1891). The jury could have found that plaintiff justifiably relied upon Kelter-Thorner to renew its insurance in view of the three-year relationship they held and Kelter-Thorner's failure to personally inform plaintiff otherwise. There was also evidence to support the fact that plaintiff relied upon Kelter-Thorner's earlier representations that the 30-day notice requirement stated on the forms supplied by Kelter-Thorner could be ignored. On this record, we find the elements of estoppel have been satisfied. *Industro Motive, supra.* Republic, as principal of Kelter-Thorner, is vicariously liable for Kelter-Thorner's negligence.

The final allegation of error is in the instruction on special damages. Plaintiff contended at trial

that the denial of fire loss benefits resulted in insufficient capital to participate in a financial arrangement with Erb Lumber Company for the construction of unsold homes on 163 lots owned by Erb. Defendants argued that the subsequent contract between Erb and plaintiff was not within the contemplation of these parties at the time the insurance contract was made and not recoverable. Furthermore, defendants argued that the lost profits on the Erb enterprise did not arise naturally from the breach. The trial court ruled that plaintiff could present evidence of loss of profits on the Erb undertaking to the jury.

Plaintiff presented testimony at trial that at the time the Republic policy was issued in 1976, plaintiff and Erb had been negotiating the venture in question. No final written contract was entered into until 1978, after the present action had been started. At no time during the summer of 1976 did plaintiff inform Kelter-Thorner or Republic that the Erb deal was pending.

A contract to insure against fire loss is a commercial contract. *Riggs v Fremont Mutual Ins Co,* 85 Mich App 203, 206; 270 NW2d 654 (1978). The injury which arises from breach of a commercial contract is a financial one, susceptible of accurate pecuniary estimation and generally limited to the monetary value of the contract. *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 420; 295 NW2d 50 (1980). As reiterated in *Kewin,* the rule of *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145 (1854), remains viable today. Thus, the damages recoverable for breach of contract are those that arise naturally from the breach and were within the contemplation of the parties at the time the contract was executed. *Kewin,* 414. Loss of profits which result from the breach may

be considered in assessing damages. *Lorenz Supply Co v American Standard, Inc,* 100 Mich App 600, 611; 300 NW2d 335 (1980).

Plaintiff argues that the loss of profits from the Erb relationship must have been within the contemplation of Republic when it refused to pay for the fires. After all, it goes without saying that a businessman would need the insurance proceeds to invest in other ventures.

We find plaintiff's argument to be without merit. It is always true that nonpayment of insurance benefits will result in reduction of capital. However, it is also true that indemnity insurers do not contend to underwrite the claimant's future financial transactions by agreeing to pay an established amount for fire losses. In cases where loss of profits has been awarded, the loss resulted directly from the nonperformance of the contract between the parties, not from the failure of another venture unknown to the defendant. See, *Lorenz, supra,* 611-612, and cases cited therein. Unless the parties are both aware that a breach will affect a specific collateral enterprise, it cannot be said that the loss of profits from the other venture is within the contemplation of the parties. *Wetmore v Pattison,* 45 Mich 439; 8 NW 67 (1881). Since it is uncontested that defendants were not aware of the possible venture between Erb and plaintiff until well after the contract was entered into, it cannot be said that the loss of profits from the Erb contract was within the contemplation of these parties.

The purpose of damages for breach of contract is to put the plaintiff in the same position as he would have been in had the defendant kept his contract. The injured party is not entitled to be placed in a better position than he would have

been had the contract not been broken. *Goodwin, Inc v Orson E Coe Pontiac, Inc (Supp),* 62 Mich App 405; 233 NW2d 598 (1975). In the case at bar, the insurance contract provided for reimbursement to plaintiff of damages to the construction sites. That amount, plus interest, adequately placed plaintiff in the position it would have been in had Republic paid on the policy in 1976.

The cause is remanded to the trial court for entry of judgment on amounts of damages other than lost profits as stipulated to by the parties.

Affirmed in part, reversed in part and remanded.

No costs, no party having prevailed in full.