DON G. McAFEE, INC., v. GREAT AMERICAN
INDEMNITY CO.

1. PRINCIPAL AND AGENT—DURATION OF GENERAL AGENCY—NOTICE OF TERMINATION.

A general agency continues until in some way parties have been notified of its termination, or have sufficient facts in their possession to put them upon inquiry.

2. INSURANCE—GENERAL AGENT—TRANSFER OF BURGLARY INSURANCE COVERAGE—NOTICE OF TERMINATION OF AGENCY.

Party whose relation with defendant insurer as general agent had been terminated but with whom blanks had been left to effect transfers of coverage and permitted him to service

business which had been written prior to the termination *held*, a general agent so far as insured is concerned where insured had not been notified of termination of the agency prior to transfer of burglary insurance coverage to new safe.

3. SAME—ESTOPPEL TO DENY ACTS OF AGENT AFTER TERMINATION OF GENERAL AGENCY—NOTICE TO INSURED.

Insurer under burglary insurance policy, which had terminated its general agency relation with agent but left with him, blanks to effect transfers of coverage and service business written prior to termination of agency but failed to notify insured of such termination, *held*, estopped to deny validity of coverage on new safe which agent advised insured would be effected by indorsement on policy which he was getting, advised insured he was covered, and, as a general agent, had authority to effect such transfer.

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 12, 1939. (Docket No. 74, Calendar No. 40,322.) Decided June 5, 1939. Rehearing denied July 6, 1939.

Assumpsit by Don G. McAfee, Inc., a Michigan corporation, against Great American Indemnity Company, a foreign corporation, on a burglary insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Dale Souter,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendant.

SHARPE, J. In May, 1934, R. H. Bronk, Inc., entered into a general agency contract with the defendant company for the writing of insurance. On or about April 14, 1935, defendant company through its agent Bronk issued to plaintiff a mercantile safe burglary policy expiring April 14, 1938, covering a safe specifically described therein. The policy of insurance contained the following provisions:

"Provision M. Changes. No provision or condition of this policy shall be waived or altered except by written indorsement attached hereto, signed by the president, a vice-president, secretary, or an assistant secretary of the company, nor shall notice to any agent or knowledge possessed by any agent or by any other person, be held to effect a waiver or change in any part of this policy. Changes in the written portion of the declaration, if initialed by any manager, assistant manager, or duly authorized agent of the company, shall bind the company and the assured. The personal pronoun herein used to refer to the assured, shall apply regardless of number or gender.

"Provision N. The statements in items numbered 1 to 15 inclusive in the declaration hereinafter contained are declared by the assured to be true. The policy is issued in consideration of such statements, and the payment of the premium in the declaration expressed."

December 19, 1936, Bronk resigned his agency with defendant company, effective January 31, 1937; and said resignation was accepted, but no notice of the termination of the Bronk agency was given to plaintiff. On July 23, 1937, the safe described in the policy was burglarized, the loss was reported to the Bronk agency by plaintiff, and on September 13, 1937, the loss was adjusted by R. P. Scholte, an adjuster of defendant company.

Prior to the adjustment of the loss, plaintiff bought another safe and on August 27, 1937, called Bronk and asked him to inspect the new safe. Bronk did so and notified plaintiff that he (Bronk) was getting an indorsement from the insurance company transferring the insurance to the new safe. Following this conversation with plaintiff and on the same day, Bronk wrote the insurance company saying, "Will you please make the necessary indorsement

transferring to the present safe.'' This letter was received by defendant on August 30, 1937. On the same day that plaintiff and Bronk had their conversation about the transfer of the policy, August 27, 1937, the safe was burglarized. Mr. Bronk was notified of the burglary and immediately referred the matter to the adjuster, Mr. Scholte. Prior to any knowledge of the latter burglary, the defendant company refused to insure the new safe on the ground that it was not a burglar-proof safe. Upon refusal of the insurance company to pay for loss and damage growing out of the burglary, plaintiff began suit and recovered a judgment.

Defendant company appeals and contends:

That R. H. Bronk, Inc., was not an agent of the defendant company at the time of the claimed transfer of coverage, and could not bind defendant company in any event;

Assuming, but not conceding, that as to plaintiff, R. H. Bronk, Inc., was the agent of defendant company, said agent still had no power to change the coverage from one safe to another by parol, where the policy specifically provided that no change could be made unless it was in writing;

That the preponderance of the testimony in this case shows that R. H. Bronk, Inc., did not even purport to make any transfer of coverage from the safe described in the policy to the safe which was burglarized on August 27, 1937;

And that an insurance adjuster has no authority to bind the company in a matter of coverage.

There appears to be no dispute over the fact that the R. H. Bronk, Inc., was appointed as a general agent of the defendant company; and that subsequent to the termination of such agency, the insurance company left with Bronk certain ''blanks'' to

effect transfer of coverage and permitted Bronk to service business that had been written prior to the termination of the agency. It also appears that the insurance company had not notified plaintiff of the termination of Bronk's agency.

Defendant company strongly urges that plaintiff was never informed that his safe was covered by insurance. The record sustains the finding of the trial court that plaintiff believed he was dealing with an authorized agent of the company; and that his safe was insured.

In *Southern Life Insurance Co.* v. *McCain,* 96 U. S. 84, the court held that a person who has dealt with an agency in a matter within his authority has a right to assume, if not otherwise informed, that the authority continues, and when the dealing continues after the authority is revoked the principal is nevertheless bound, unless notice of the revocation is brought home to the other party. See, also, 14 A. L. R. 846 and 21 R. C. L. p. 860.

In *Bloomer* v. *Dau,* 122 Mich. 522, 526, we said:

"A general agency continues until in some way parties have been notified of its termination, or have sufficient facts in their possession to put them upon inquiry."

In the case at bar, plaintiff had never been notified of the termination of Bronk's agency, nor had he any knowledge that would lead him to believe that the agency had been terminated. It must follow that, insofar as plaintiff's rights are concerned, Bronk must be considered as a general agent of defendant company.

Plaintiff contends that defendant company is estopped from urging, as a defense, the failure of its agent to issue a written indorsement of coverage

and relies upon *Pollock* v. *German Fire-Insurance Co.* (syllabus), 127 Mich. 460, where we held:

"Where application is made to the agent of an insurance company for permission to remove insured property to another location, and the agent verbally consents to the removal, but fails to indorse such consent on the policy, such failure cannot be set up by the company as a defense to an action on the policy, notwithstanding a provision therein that no officer, agent, or representative of the company shall have power to waive any provision or condition of the policy, or grant any privilege or permission affecting the insurance, except by writing so indorsed."

And *Cummings* v. *National Fire Ins. Co. of Hartford, Conn.*, 251 Mich. 105, where we said:

"Because the indorsement was not made, the defendant denied liability. In seeking to avoid liability because its agent neglected to do what in duty she was bound to do, the company has taken an unconscionable position. The law will not permit it. When notified of the removal of the goods, it was her duty either to make the indorsement or to cancel the policy and return the unearned premium. Having done neither, the company must be held to have consented to the change. *Pollock* v. *German Fire-Insurance Co.*, 127 Mich. 460; *Schlee* v. *New Zealand Insurance Co.*, 238 Mich. 112, and cases cited."

Defendant company contends that plaintiff is bound by the restrictions in the policy and relies on *Cleaver* v. *Trader's Insurance Co.*, 65 Mich. 527, 532 (8 Am. St. Rep. 908), where we said:

"The fact that the plaintiff may not have read the printed conditions of his policy, and relied, in ignorance of them, upon the implied or assumed powers of the agent, cannot help him. It was his business

to know what his contract of insurance was, and there can be no difference in this respect between an insurance policy and any other contract. In the absence of any fraud in the making of the same, and none is claimed in this case, the insured must be held to a knowledge of the conditions of his policy, as he would be in the case of any other contract or agreement. When the policy of insurance, as in this case, contains an express limitation upon the power of the agent, such agent has no legal right to contract as agent of the company with the insured, so as to change the conditions of the policy, or to dispense with the performance of any essential requisite contained therein, either by parol or writing; and the holder of the policy is estopped, by accepting the policy, from setting up or relying upon powers in the agent in opposition to limitations and restrictions in the policy. *Merserau* v. *Phoenix Mutual Life Ins. Co.,* 66 N. Y. 274; *Catoir* v. *American Life Ins. & Trust Co.,* 33 N. J. Law, 487.''

And *McIntyre* v. *Michigan State Ins. Co.* (syllabus), 52 Mich. 188, where we held:

''The conditions prescribed by an insurance policy as to the payment of a premium note cannot be waived by an insurance agent if the policy expressly stipulates that they shall not be.''

We are of the opinion that the present case is governed by the *Pollock Case, supra.* In that case the agent failed to do something that he had promised to do, *i. e.,* ''indorse the consent on the policy.'' The agent, as a general agent, had authority to do this. In the case at bar, Bronk, as general agent, had authority to make the indorsement on the policy covering the new safe; moreover, he promised plaintiff that he (plaintiff) was covered. In the *Pollock Case, supra,* we held that the failure of the insurance company to perform the promise made by its

general agent could not be set up as a defense to an action on the policy.

After defendant insurance company, through its general agent Bronk, advised plaintiff that his safe was covered by insurance, it was its duty to take whatever steps that might be necessary to make legally effective such coverage. The failure of the insurance company to take such steps may not now be set up as a defense to an action on the policy.

The judgment of the lower court is affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, and NORTH, JJ., concurred. McALLISTER, J., did not sit.