SCHEIDERER *v.* NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PENNSYLVANIA.

1. INSURANCE—CONTINUANCE OF AGENCY—NOTICE TO INSURED.
    Insurer's agent will be deemed to have continued as agent so·
    far as insured is concerned, where. the insured had never been
    notified of the termination of the agency, had no knowledge
    that would have led him to believe that the agency had been
    terminated and was led to believe that its oral second re-
    newal of the fire insurance policy was agreed to, such an
    act being within the general scope of the former agency.

2. SAME—ORAL RENEWAL OF FIRE INSURANCE POLICY.
    A fire insurance policy may be renewed by parol.

3. SAME—3-YEAR TERM POLICY—STATUTE OF FRAUDS.
    A contract for fire insurance is not void as being within the
    statute of frauds, although it is for a 3-year term, beginning
    after the date of the renewal, since the liability of the in-
    surer thereon may occur within the year by the happening
    of the contingency insured against (CL 1948, § 566.132).

Appeal from Wayne; Miller (Guy A.), J.  Sub-
mitted April 15, 1952.  (Docket No. 77, Calendar No.
45,394.)  Decided June 2, 1952.

Action by Edward Scheiderer and wife against Na-
tional Union Fire Insurance Company of Pittsburgh,
Pennsylvania, on an oral contract of insurance.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur, Insurance § 88.
[1] Duty of insurer to give notice of termination of agency.  14
    ALR 846.
[2] 29 Am Jur, Insurance § 262; 49 Am Jur, Statute of Frauds § 41.
[2, 3] Oral contracts of insurance.  15 ALR 995; 69 ALR 559;
    92 ALR 232.
[3] 49 Am Jur, Statute of Frauds § 145.

Judgment for plaintiffs. Defendant appeals. Affirmed.

*Allen, Haass & Selander* (*Otto E. Haass,* of counsel), for plaintiffs.

*Howard J. Ellis* and *Edward P. Frohlich,* for defendant.

Reid, J. Plaintiffs brought suit against defendant on an oral contract of insurance, as a renewal of a policy previously issued by defendant to plaintiffs through Cooper Agency, Inc., for loss which occurred under the renewal. Plaintiffs had judgment. Defendant appeals.

Plaintiffs, Edward Scheiderer and May Scheiderer, were the owners of a certain policy of insurance No OC–1920, issued by defendant, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, covering fire damage and loss to household and personal property in the amount of $1,500, dated August 22, 1945 and expiring August 22, 1948. This policy of insurance was purchased by plaintiffs from the defendant through the defendant's agent, Cooper Agency, Inc., a Michigan corporation, with offices at 320 West Fort street, Detroit, Michigan, and was a renewal of policy No F–16771, likewise purchased by plaintiffs from the defendant through the defendant's agent, Cooper Agency, Inc.

Cooper Agency, Inc., had for a period of years conducted an insurance agency, and was the agent for a number of companies doing business in the State of Michigan, including the National Union Fire Insurance Company. It was the agent for the National Union Fire Insurance Company for a number of years, up to April, 1948. It is conceded that if the defendant were called as a witness it would testify that in April, 1948, the agency between Coo-

per Agency, Inc., and National Union Fire Insurance Company was cancelled and terminated but that no notice of said fact was given to the plaintiffs.

It is conceded that if the plaintiffs were called as witnesses, they would testify that on or about July 20, 1948, the plaintiffs requested the said Cooper Agency, Inc., for the renewal of their policy of fire insurance No OC–1920 issued by the defendant and for a removal permit; that the Cooper Agency, Inc., thereupon agreed to the renewal of said policy of insurance and to the issuance of said removal permit; that said removal permit was duly issued; that the plaintiffs had never been notified of the termination of the agency agreement, nor had they any knowledge that would lead them to believe that the agency had been terminated.

It is conceded that if the Cooper Agency, Inc., were called as a witness, it would testify that on August 20, 1948, it wrote a letter to Edward Scheiderer, 21409 Frazer road, Detroit 19, Michigan, his address, informing him that it would not be able to renew the fire insurance when the policy expired on August 22, 1948. The plaintiffs would testify that this letter was never received by them.

On or about August 28, 1948, household property valued in excess of $1,500, belonging to the plaintiffs, was destroyed by fire, resulting in loss and damage in excess of $1,500. On October 26, 1948, the plaintiffs served proper proof of loss on the defendant. Defendant refuses to make payment of said loss.

Plaintiffs claim damages for $1,500, plus interest to the date of trial.

Defendant claims that its former agent's authority had expired at the time of the oral agreement for renewal of the policy, and that the claimed renewal, the period covered thereby, being all in the future, the agent is without authority to make the renewal. Defendant further claims that the facts

and circumstances, hereinbefore recited, are not 'sufficient to establish a contract of insurance. Defendant further claims that the oral contract to extend 3 years in the future, is void under the statute of frauds.*

In *Don G. McAfee, Inc.,* v. *Great American Indemnity Co.,* 289 Mich 143, 147, we say:

"Plaintiff [McAfee] had never been notified of the termination of Bronk's agency, nor had he any knowledge that would lead him to believe that the agency had been terminated. It must follow that, insofar as plaintiff's rights are concerned, Bronk must be considered as a general agent of defendant company."

See authorities cited in the *McAfee Case.*

In the case at bar, defendant did not notify its policy holders, the plaintiffs, of the termination of the agency of Cooper Agency, Inc., and defendant is bound by the acts of Cooper Agency, Inc., within the scope of its former agency.

An insurance policy may be renewed by parol. *Massachusetts Bonding & Ins. Co.* v. *R. E. Parsons Electric Co.* (CCA), 61 F2d 264, 268 (92 ALR 218).

"In the absence of charter or statutory provisions prohibiting them, oral contracts of renewal, as well as oral agreements to renew, are held valid. It has even been held that an insurance company may contract by parol for the renewal of a policy, although it is stipulated on the face of the policy that this shall not be done. An oral extension of the insurance so as to include additional parties or risks has also been held valid." 29 Am Jur, pp 249, 250.

It is clear that the facts and circumstances hereinbefore set forth constitute a contract, and it is upon that contract that this suit is brought.

---

* CL 1948, § 566.132 (Stat Ann 1951 Cum Supp § 26.922).—Reporter.

The contract in the case at bar is not void as being within the statute of frauds, although it is for a 3-year term, beginning after the date of the renewal.

"It has frequently been held that an oral contract to insure, or of insurance, is not within the provision of the statute of frauds requiring agreements not to be performed within a year to be in writing, where such agreements may be performed within a year. The liability of the insurer thereon may occur within the year by the happening of the contingency insured against." 49 Am Jur, p 400.

The judgment appealed from is affirmed. Costs to plaintiffs.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.