## COMSTOCK v. THE DES MOINES VALLEY R. R. Co.

1. **Railroad: LIABILITY FOR STOCK KILLED: ONUS.** In an action against a railroad company to recover for stock killed by a passing train, the onus is upon the plaintiff to show either that the killing or injury was done at a point where the company had the right to fence and had not, or that the company were guilty of negligence in causing the injury.

2. **Instructions: REFUSAL.** The refusal of a correct instruction cannot be relied upon as error if it was substantially embodied in another given by the court.

3. **Railroad: KILLING OF STOCK.** While a railroad company is under no obligation to fence its depot and station grounds in order to protect itself from liability for stock killed, such is not the case where it has a switch merely, unless the same is upon or a part of a station ground; and the onus is upon the company to show this.

*Appeal from Wapello District Court.*

WEDNESDAY, OCTOBER 4.

ACTION to recover for stock injured and killed by the engine and train on the defendant's railroad. There was a jury trial, resulting in a verdict for $410, and judgment for the plaintiff for $390. The defendant appeals. The further necessary facts are stated in the opinion.

*E. L. Burton* and *H. H. Trimble* for the appellant.

*S. W. Summers* for the appellee.

COLE, J. — I. The stock in controversy was injured and killed near a diagonal highway crossing of the defendant's 1. RAILROAD: liability for stock killed: onus. road, about five hundred feet west of a station house; the railroad being fenced on both sides from the station house to a cattle guard, situated about

Comstock v. The Des Moines Valley R. R. Co.

forty-eight feet east of a switch-block, which was near the east line of the highway. The damage was done in the night-time, and, so far as the testimony discloses, the accident was not seen by any one. One colt, valued at $125, was found in the morning dead, and evidently killed by the train, lying nearly in the traveled highway, and about twenty feet south of the railroad crossing. Tracks of horses were found between the cattle guard and the switch-block; and one witness testifies to horses' tracks inside the fences and between the station house and cattle guard. One other colt was injured to the extent of $50, but not killed; there is nothing whatever in the evidence even tending to show where or how the injury was inflicted; the injury consisted in a tear or scratch of the hind leg from the hock to the hoof and a cut in the shoulder. A sheep (buck) was also sued for and the jury allowed $20 for him, but the evidence does not show that such an animal was either injured or killed. There was also a claim by plaintiff for damages to his crops by cattle passing through or over an insufficient cattle guard; the evidence tends to establish the insufficiency of the cattle guard and the injury as sued for; and the jury allowed $40 for the damage to the crops.

The district court, on the hearing of the motion by defendant to set aside the verdict and for a new trial, found that the allowance of $20 by the jury for the buck, as shown by their special verdict, was unwarranted; whereupon the plaintiff remitted that amount from the general verdict and the court rendered judgment for the balance. In our opinion the court did right in requiring the plaintiff to remit the $20; but it erred in not requiring a further remittitur of $100 for the amount allowed by the jury, as shown by their special verdict, for double the damages to the colt which was injured but not killed. There is no testimony whatever tending to show that the injury was not inflicted in the highway

crossing; nor is there any allegation or proof of negligence. As respects the colt which was killed, it was competent for the jury to determine from the position in which it was found in the morning, and the other circumstances of the case before them, that it was struck by the train at a point where the defendant had a right to fence and had not, and was carried and thrown by the train to the place where found. But as respects the injured colt there is absolutely nothing to show where the injury was inflicted; for aught that appears it was injured at the crossing and without defendant's negligence. The burden of proof is upon the plaintiff to show that the injury occurred at a place where the defendant had a right to fence and had not, or that it was caused by defendant's negligence. In the absence of all proof thereon, the jury could not find for plaintiff.

II. It is not necessary to copy here at length the numerous instructions, given and refused, upon which errors 2. INSTRUC-TION: refusal of. are assigned. The propositions discussed by counsel may be satisfactorily and briefly disposed of by a more succinct statement of them. In the fifth instruction the court stated the places where, by our statute and the holdings of this court, railroad companies are not required to fence, but omitted from the enumeration "the particular case where it was not fit, proper and suitable that a fence should be built," as held in the case of *Davis* v. *B. & M. R. R. Co.*, 26 Iowa, 549. This omission cannot now avail the appellant, because it was substantially stated in the tenth instruction, and for the further reason that the appellant did not ask to have it otherwise or further stated to the jury.

The tenth instruction is objected to, because it expressly referred to the jury the question of fact whether the colt which was killed was struck outside of, and then carried or pushed by the train to, the place in the highway where it was found. This was eminently proper, since the ques-

tion was one of fact and legitimately within the province of the jury, who might, as instructed, consider all the facts and circumstances.

The court refused to instruct the jury, as asked by defendant, that if the injury occurred at a place occupied by 3. RAILROAD: a switch used in connection with a station, the killing of stock. defendant would not be liable. This refusal was not error, because the court had, in its fifth instruction, told the jury that the defendants were not bound to fence at their depots, stations, etc., as was held by this court in *Davis* v. *B. & M. R. R. Co.*, *supra*. The instruction as asked goes further than the rule as there held, by exempting the defendant from the obligation to fence wherever it had a switch. Nor was it error to refuse to instruct, that the fact that there was a switch at a particular place raised the presumption that it was a part of a station ground. The defendant can always and easily establish by proof what grounds are used for station purposes.

There was no error in the instructions. But for the error in allowing $100 damages for the injured colt, as found by the jury, unless the appellee shall remit the same and pay the costs of this appeal, the judgment of the district court must be

Reversed.