## COLE v. THE C. & N. W. R. R. Co.

1. **Railroads: DOUBLE DAMAGES: AFFIDAVIT.** The original affidavit of loss must be served on a railway company to render it liable for stock killed upon its track, the delivery of a *copy* of such affidavit not fulfilling the requirement of the statute. Following *McNaught v. The C. & N. W. R. R. Co.*, 30 Iowa, 336.

2. **Practice: SERVICE: SUFFICIENCY OF.** The sufficiency of the service of a notice is a question of law for the court, where the proof is in writing, or the facts uncontroverted. If the fact of service, or the authority of the agent upon whom it is served, is in issue, these are questions of fact for the jury.

3. **Railroads: DEPOT GROUNDS: EVIDENCE.** The survey, allotment, and use of station grounds constitute very strong, if not conclusive, evidence that their boundaries and extent are such as, and no more than, are necessary and proper.

*Appeal from Harrison Circuit Court.*

### WEDNESDAY, JUNE 3.

THIS action is brought to recover double the value of a colt killed by the engine and train of the defendant near Woodbine. The colt was killed May 28th, 1870, and the plaintiff averred that he served the affidavit and notice of loss, as provided by statute, on the defendant's agent, July 14th, 1870, and defendant had failed and refused to pay the value, $100. The defendant denied the allegations of plaintiff, and averred that the colt was killed on the depot grounds of defendant and without its fault. The case was tried to a jury; verdict and judgment for plaintiff, and the defendant appeals.

*Baldwin & Wright*, for appellant.

*P. D. Mickel*, for appellee.

COLE, J.—I.  The error first assigned relates to the suffi-
ciency of the notice and affidavit of loss, and service thereof.
1. RAILROADS: The notice stated that, "on etc., your train ran
double dam- over a colt belonging to me;  *  *  *  *  now
ages: affida- unless you pay the value thereof, etc."  The affida-
vit stated, "that the train of cars going east  *  *  *  *  did
run over and destroy a colt belonging to your affiant of the
value of one hundred dollars," etc.  These are sufficient "to
enable a person of common understanding to know what is
intended."  Annexed to the copy of the affidavit and notice
of loss filed with the petition as an exhibit, was an affidavit by
the plaintiff of the service of it upon the agent of defendant,
by reading the same to him, and delivering to him a copy
thereof.  On the trial, the original of this affidavit and notice
of loss and the said service thereof, were offered in evidence, and
the service was by the court, held insufficient.  The court also
held that the plaintiff was competent to make the service and
to prove it.  Thereupon the plaintiff testified as a witness that
he served the notice and affidavit on the defendant's station
agent, who had only been there two or three days.  The court,
upon this and the other evidence in the case left it to the jury
to determine the fact of service, and also whether the person
on whom it was made was the defendant's agent.  In all this
we see no error.  *McNaught v. The C. & N. W. R. R. Co.*, 30
Iowa, 336.  It is true, as argued by appellant's counsel, that
the sufficiency of the service of a notice or paper, is a question
2. PRACTICE: of law for the court.  But this applies only where
service: suffi- the proof of service is in writing, or the facts con-
ciency of. stituting it are conceded or without conflict in the evidence.
Where the fact of service, rather than its sufficiency, is at issue;
or, the fact of the agency of the person upon whom the service
is made is controverted, such fact may properly be left to the
jury to find, under proper instructions by the court as to the
law.  This is what the court did in this case.

II.   The defendant asked the court to give to the jury the following instructions: " If the jury find that defendant had built its line of fence and cattle guards up to its depot or station grounds, and had left the line of track unfenced on either side where the plaintiff's animal was killed on account of its being within the limits of the town of Woodbine, and within its depot and station grounds, where it used its track for switching and making up trains, etc., and for other depot purposes, then defendant is not liable unless for gross carelessness shown."   This was refused; but the court gave the following: " The defendant is not liable under the statute for failure to fence within the limits of a laid out town, by or through which its road is located and operated."   And also, " A railroad company is not bound to fence such depot grounds as are set apart and are necessary and proper for the convenience and accommodation and safety of the public and the company in the transaction of their business at such depot; and if the jury find that the colt was injured on ground of this character, they will find for the defendant."   Due exceptions were taken thereto by the defendant's counsel.

It is now and here objected that the instructions given left it to the jury to determine whether the depot grounds were such as were necessary and proper at that point, when no such issue was made by the pleadings.  But, the instruction asked by defendant's counsel, and refused, embodied substantially the same idea, by leaving the jury to find the "station grounds *where it used its track* for switching and making up trains, etc."   The instructions given were more favorable to defendant than the one refused; for they required the jury to find for the defendant in the cases specified; while the one refused allowed them still to find for the plaintiff, if there was gross carelessness by the defendant.   As to this latter point there was no issue.   Further than this, the first witness introduced by the defendant, its division engineer, was asked by defendant's counsel, and stated as to the amount of ground necessary and proper for station purposes at that place; and no testimony whatever was offered by either party as to the survey and platting of the depot grounds there, or of the limits allotted

for that purpose. Other evidence upon the same matter was received without objection. Under such a state of case, we cannot say there was error in giving instructions as above set out.

Where a railroad company has its depot or station grounds surveyed and platted, or distinctly and definitely allotted, such 3. RAILROADS: survey or allotment and use would constitute a depot grounds: evidence. very strong, if not conclusive, proof of their necessary boundaries, and we should hesitate long before sanctioning the submission to a jury, in a case like this, of the question whether the boundaries or the grounds embraced therein were more or less than were necessary or proper. Of course, the question as to where those boundaries are is one of fact, which, if in issue, may be left to a jury like other controverted facts. *Comstock v. The Des Moines Valley R. R. Co.*, 32 Iowa, 376.                         AFFIRMED.

### OPINION ON REHEARING.

BECK, J.—A re-argument was allowed in this case upon the petition of defendant. The point made by counsel upon the rehearing is, that the verdict is in conflict with the evidence and rules of law recognized in the foregoing opinion. It is insisted that the evidence shows the place where the colt was killed, was upon the depot grounds as platted by the defendant, and that the opinion erroneously states that no " testimony was offered by either party as to the survey and platting of the depot grounds there, or of the limits allotted for that purpose." It may be conceded that in this statement we were mistaken. But this cannot change our conclusion. The doctrine of the opinion and of the instruction of the court below approved therein, is that the survey and platting, or the distinct and definite allotment [setting apart] of the depot grounds, together with *use* thereof as such, is strong, if not conclusive, proof of their boundaries. The plat and survey, or the allotment, and use, will constitute the land indicated, depot grounds. We do not understand any objection is made by counsel to the rule. The jury under the instructions of the court were required, not only to find the survey and platting of the land, but also its *use* for depot purposes before

they could be justified in finding defendant was not required to fence at the place where the colt was killed. Upon the question of use of the ground they could well find from the evidence against defendant. While on this point it is conflicting, there is no such absence of proof as to authorize the conclusion that the verdict was not the result of the honest and intelligent exercise of judgment by the jury. We adhere to the conclusion announced in the foregoing opinion.

AFFIRMED.