PAUL *v.* CITY OF SWARTZ CREEK

1. NEGLIGENCE—NOTICE REQUIREMENT—SUBSTANTIAL COMPLIANCE—MUNICIPAL CORPORATIONS.

Substantial compliance with a city charter requirement that "the extent of the injury so far as known" be given to the city by a plaintiff intending to sue for negligence constitutes sufficient compliance with the notice requirement.

2. NEGLIGENCE—NOTICE REQUIREMENT—SUBSTANTIAL COMPLIANCE—QUESTION OF FACT.

Denying defendant city's motion for summary judgment was proper where plaintiffs' notice of intent, required by city charter, to hold defendant liable for damages caused by the backup of defendant's sewer system did not include all the items of damage claimed in plaintiffs' bill of particulars because substantial compliance with a notice requirement is sufficient and the reasons why the items were omitted, or if there had been substantial compliance, was a question of fact not resolvable on summary judgment.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 April 6, 1971, at Lansing. (Docket No. 8222.) Decided April 21, 1971.

Complaint by Junior A. Paul and others against the City of Swartz Creek for damages for negligence. Judgment for plaintiffs. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur 2d, Municipal Corporations §§ 681, 719.
[2] 56 Am Jur 2d, Municipal Corporations § 768 *et seq.*

*C. Robert Beltz,* for plaintiffs.

*Edward P. Joseph,* City Attorney, for defendant.

Before: QUINN, P. J., and R. B. BURNS and McGREGOR, JJ.

QUINN, P. J.   Defendants appeal from judgments entered on jury verdicts in favor of the individual plaintiffs.   The theory of plaintiffs' action was that the negligence of defendants caused the sanitary sewer system of defendant city to back up and flood their basements which resulted in personal injury and property damage to each plaintiff.

Plaintiffs gave defendant city timely written notice of their intent to hold the city liable for their damages, as required by the city charter.   However, plaintiffs' bill of particulars and amended bill of particulars listed items of damage not specified in the written notice.   By motion for summary judgment pursuant to GCR 1963, 117.2(1), defendants sought to preclude plaintiffs from claiming damages for any items of damage not specified in the written notice on the theory of noncompliance with the charter provision requiring written notice of claim.   This motion was denied; at the close of plaintiffs' proofs, the motion was renewed and it was again denied.

The first error asserted by defendants on appeal is the denial of this motion.   They argue that because the charter required the written notice to set forth "the extent of the injury so far as known", plaintiffs' damages must be confined to the items of damage specified in the notice.   In support of this argument, defendants cite *Ridgeway* v. *City of Escanaba* (1908), 154 Mich 68, and *Overton* v. *City of Detroit* (1954), 339 Mich 650.   Both decisions are

inapposite. The notice in *Ridgeway* as to extent of injury was wrong in fact, and *Overton* did not involve a notice of extent of injury question.

Substantial compliance with the charter requirements in respect to notice is sufficient, *Meredith* v. *City of Melvindale* (1969), 381 Mich 572. Here the question of substantial compliance can only be determined after it is determined why plaintiffs claimed items of damage in addition to those items specified in their written notice of claim. Were additional claims made to punish defendant city because it denied plaintiffs' claims, as defendants argue? Were the added claims undiscoverable at the time of the notice? Were they merely overlooked? This is the type of factual question not resolvable on motion for summary judgment because reasonable men could honestly reach different conclusions, *Beardsley* v. *R. J. Manning Company* (1966), 2 Mich App 172. It was not error to deny summary judgment.

Defendants contend there is not sufficient evidence to support a finding of negligence. This question was not saved for review. There was no motion for new trial, *Watson* v. *Dax* (1952), 334 Mich 320.

Affirmed with costs to plaintiffs.

All concurred.