HIMES *v* CITY OF FLINT

1. MUNICIPAL CORPORATIONS—NOTICE—DUE PROCESS—QUESTION OF LAW.

Whether a notice sent to a property owner prior to the demolition of a house due to a violation of a municipal housing ordinance complies with the ordinance's notice requirements and with due process are judicial questions and not questions of fact for the jury.

2. MUNICIPAL CORPORATIONS—NOTICE—MANDATORY CONTENTS—DISCRETION.

The content requirements of a notice required by ordinance to be sent to the owner of property prior to demolition for violations of a fire prevention ordinance allow no administrative discretion to omit a portion of the content requirements whenever it appears unnecessary in the circumstances of an individual violation where the contents are mandatory by ordinance.

3. MUNICIPAL CORPORATIONS—NOTICE—MANDATORY CONTENTS—SUBSTANTIAL COMPLIANCE.

The concept of substantial compliance cannot be used to uphold the validity of a notice sent to a property owner prior to demolition, because of a violation of a municipal housing ordinance, where there is no language in the notice that could be construed as complying with the mandatory content required by the ordinance.

4. MUNICIPAL CORPORATIONS—NOTICE—MANDATORY CONTENTS—SUBSTANTIAL COMPLIANCE.

Substantial compliance with the mandatory contents of a notice required by a municipal housing ordinance to be given prior to demolition of property because of a violation of the ordi-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur 2d, Notice § 33.
[2–5] 58 Am Jur 2d, Notice § 22.

nance is not sufficient to uphold the validity of the notice given, because due process requires absolute compliance with the required contents of the notices (US Const, Am V).

5. MUNICIPAL CORPORATIONS—NOTICE—RIGHT TO HEARING—DUE PROCESS.

A notice sent to the owner of property prior to the property's demolition because of a violation of a municipal housing ordinance, which failed to advise the owner of his right to a hearing before an appeal board prior to demolition, as required by the ordinance, is defective because it violates due process requirements.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 December 15, 1971, at Lansing. (Docket No. 8840.) Decided February 22, 1972. Leave to appeal denied, 387 Mich 784.

Complaint by Louilla Himes and others against the City of Flint for trespass. Verdict and judgment for defendant. Plaintiffs appeal. Reversed and remanded for a trial on the question of damages.

*Michael W. Evanoff,* for plaintiffs.

*Robert E. Weiss,* City Attorney, *Wade D. Withey,* Deputy City Attorney, and *Edward H. Devoe,* Assistant City Attorney, for defendant.

Before: QUINN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

J. H. GILLIS, J. This case involves a trespass action brought against the City of Flint. On November 26, 1969, a jury returned a verdict of no cause for action based on plaintiffs' claim.

Plaintiffs were the owners of a house located in the City of Flint. The house and its contents, in-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

cluding items of personal property belonging to the plaintiffs, were destroyed in the fall of 1965 by the Flint Department of Public Works, acting pursuant to a resolution of the Flint City Commission and allegedly in accordance with the provisions of ordinance No 1762 of the City of Flint.

The house in question had stood unoccupied since 1960. Testimony at trial indicated that in late August 1965, the house was in a deteriorating condition. Some windows were broken and others were boarded up. When the rains came the roof leaked, and the kitchen floor was covered with wet straw. Along the east side of the house, 10 to 12 feet of the foundation had caved in. Wallpaper was peeling off the walls along with the plaster. Spiders spun their webs in many of the rooms. Furniture had been vandalized and the rooms were full of debris. Outside, the yard surrounding the house was overgrown with weeds and littered with cans and other refuse; the garage was collapsing; and the house appeared to have been open to unauthorized entry.

City officials testified as to the above conditions, but they admitted that they had observed the interior of only a portion of the first floor rooms. These officials concluded that the cost of rehabilitating the house, so as to make it comply with the standards set up in the housing code, would exceed its assessed valuation.

On two occasions the plaintiffs were given notice to clean up the yards about the house. On August 13, 1965, the director of buildings and inspections sent the following letter to the fire marshal concerning the premises:

"This property is owned by [the plaintiff Louilla Himes]. The house is valued on the assessor's records at $2,520.

"The house is in very poor condition with the foundations falling in, roof leaks, plaster falling off, completely open to unauthorized entry and full of debris. An old garage in the rear is falling down.

"The yard area is overgrown with brush and weeds.

"The house cannot be brought into a habitable condition for less than the assessed value and would cost much more to bring it up to code requirements.

"It is a dangerous building in its present condition and removal is recommended.

"It is in the path of the N S Expressway."

Thereafter, a notice dated August 31, 1965, was sent to the plaintiffs by the deputy fire marshal, which read in substance:

"Fire Prevention Bureau
"Flint Fire Department

"Notice of Violations          Date: August 31, 1965

"Inspection of the premises located at: [address of house] reveals violations of the Michigan Housing Law and/or Fire Prevention Ordinance, or related City ordinances.

"Please comply with the following orders on or before September 10, 1965.

"The building at the above address is in very poor condition: foundations falling in, roof leaks, plaster falling off and the structure is open to unauthorized entry and is full of debris.

"The garage has fallen down and the yard is overgrown with weeds and brush and debris.

"The building shall be torn down and all debris and weeds removed from the premises. If the work required is not completed, the City of Flint shall do the work required and the cost of such work shall be assessed to the tax roll as provided in Ordinance 1762."

This notice was received by the plaintiff Louilla Himes on September 2, 1965.

On or about October 18, 1965, the city had the building in question torn down, and the personal property situated therein was likewise destroyed. More than two years later, on November 20, 1967, plaintiffs brought this suit seeking damages for the loss of the building and the personal property.

Prior to trial the plaintiffs moved for a summary judgment on the question of the city's liability upon the theory that the notice was defective and inadequate as a matter of law. However, the trial court ruled:

"It is the court's belief that the key issue in this motion is whether the notice served upon the plaintiff by defendant City of Flint was such that a reasonable person would be put on notice that certain serious defects exist on the premises which would justify the demolition of plaintiff's building. It is the court's belief that a genuine issue of fact exists relative to the appropriateness of the notices in question and the appropriateness of the response of plaintiffs to the notice, and that the existence of such factual issues prevents the entry of a summary judgment. The issues will be submitted to the trier of facts at the time of trial."

Plaintiffs now claim that the trial court erred in denying this motion for a summary judgment.

Besides providing that notice be given to one who violates the housing standards established by the city ordinance, § 134.22 of the ordinance also directs that such notice "shall":[1]

"(a) Be in writing;
"(b) Specify in detail the violation or violations,

---

[1] "Shall" is always mandatory and not directory when used in the ordinance, according to § 134.1.25.

together with the respective sections of the code violated;

"(c) Set a reasonable time, not to exceed ninety days in any event, for the performance of any act it requires;

"(d) Contain an outline of remedial action, which, if taken, will effect compliance with the provisions of this Code;

"(e) Advise the owner or occupant of the procedure for appeal;

"(f) Be served upon the owner or occupant * * * ."

The plaintiffs maintain that the notice that was sent to them was inadequate as a matter of law for failure to meet at least three of the mandatory standards prescribed by the ordinance. The faults which are most obvious concern the failure of the notice to (a) list the alleged violations with citations to the specific ordinance sections violated, (b) contain an outline of remedial action which, if taken, would effect compliance with the code provisions, and (c) advise the plaintiffs of the appeal procedure.

The City of Flint argues, however, that the notice substantially complied with the ordinance, and thus was adequate as a matter of fact or law. Its position is supported by the following: the alleged violations, although not precisely listed, were set forth, and the ordinance itself was mentioned in general terms; the remedial action suggested by the notice, that of removal, was the only remedial action logically appropriate under the set of facts involved; and, finally, a reasonable man upon receipt of such notice would make further inquiries which would lead to an appeal if warranted. The trial judge was persuaded by these considerations to believe that the adequacy of the notice presented a question of fact for the jury.

The issue confronting us being whether or not the notice complied with the ordinance and procedural due process, it is clear such determinations are questions of law for the judge to decide and not questions of fact for a jury. *Sapiente* v *Waltuch,* 127 Conn 224, 226; 15 A2d 417-418 (1940); *Pander* v *French,* 3 Conn Cir 383; 215 A2d 690 (1965). It cannot be said from a reading of the notice that the *mandatory* contents were impliedly, or expressly, included therein. Since the directives are mandatory, the city commission has determined that there shall be no room for administrative discretion to omit a portion of the contents of a notice whenever it appears to be unnecessary in the circumstances of an individual violation.

The concept of "substantial compliance" can only be drawn upon in situations where the provisions of the notice are ambiguous. In such cases the court would then determine whether the notice "substantially complied" despite the ambiguity. However, the presently considered notice does not fall within this category—there being *no* language which could be construed as complying with the mandatory content requirements.

Not only are notice requirements specifically protected by the ordinance in question, but they are also constitutionally preserved. The United States Supreme Court has said:

"The fundamental requisite of due process of law is the opportunity to be heard. [Citations omitted.] And it is to this end, of course, that summons or equivalent notice is employed." *Grannis* v *Ordean,* 234 US 385, 394; 34 S Ct 779, 783; 58 L Ed 1363, 1369 (1914).

There are two potential defects in notice: (1) the notice may not be reasonably calculated to reach the

party—*Mullane* v *Central Hanover Bank & Trust Co,* 339 US 306; 70 S Ct 652; 94 L Ed 865 (1950); *Schroeder* v *City of New York,* 371 US 208; 83 S Ct 279; 9 L Ed 2d 255; 89 ALR2d 1398 (1962); or (2) the notice may not contain the requisite content.

"While 'many controversies have raged about * * * the Due Process Clause,' *Mullane* v *Central Hanover Bank & Trust Co,* 339 US at 313, 70 S Ct at 656, 94 L Ed at 872, it is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the nature of the case' *before* the termination becomes effective." *Bell* v *Burson,* 402 US 535, 542; 91 S Ct 1586, 1591; 29 L Ed 2d 90, 96 (1971) (concerning the suspension of a driver's license).

Various cases may be cited for the proposition that notice requirements need only be substantially complied with. *Meredith* v *Melvindale,* 381 Mich 572 (1969); *Paul* v *Swartz Creek,* 32 Mich App 472 (1971). However, their application to the present case is improper in that the situation in the above cases involved notice from a citizen to a governmental unit. Due process is imposed upon the State and its agencies, not upon citizens. The Courts in the cited cases were concerned only with the legislative intention behind the notice requirement as provided for in the applicable ordinance or statute. This is made clear by the Court in *Meredith* when it stated:

"Our courts are inclined to favor a liberal construction of notice requirements so long as they tend in that direction and are not misleading. See *Ridgeway* v *City of Escanaba,* 154 Mich 68 (1908). See, also, Chief Justice DETHMERS' opinion in *Penix* v *City of St. Johns,* 354 Mich 259 (1958).

"This judicial policy favoring a liberal construction is based *on the theory that the inexpert layman with a valid claim should not be penalized for some technical defect.*" *Meredith, supra,* at 579. (Emphasis supplied.)

Furthermore, the Supreme Court of this state in *Trellsite Foundry & Stamping Co* v *Enterprise Foundry,* 365 Mich 209, 214–215 (1961), said:

"Naturally, a statutory provision affecting private substantive rights in the interests of the general welfare might be reasonable and hence valid in its application to certain circumstances and the reverse as applied to others. *The test of reasonableness has not, however, been applied to the right of procedural due process.* It is absolute. Statutory enactments authorizing proceedings for taking life, liberty, or property without providing for procedural due process therein cannot stand under constitutional enactments. As applied to the instant case, the apportionment provision of the statute, *in failing to provide for notice of hearing* on compensation to prior employers, is unconstitutional, leaving no legal basis for a right of apportionment or contribution, regardless of whether notice is or is not served on former employers in a given case." (Emphasis supplied.)

Therefore, not only did the notice fail to comply with the mandatory provisions of the applicable ordinance but it also was constitutionally defective in that it did not advise plaintiffs of their right to a hearing before the city board of appeals prior to demolition. Consequently, we reverse the trial court's denial of the motion for summary judgment as to liability of the City of Flint for its failure to provide sufficient or adequate notice prior to proceeding with the demolition of plaintiffs' property.

The demolition constituted a trespass.   A retrial should be had on the question of damages, if any.
   Reversed and remanded.   Costs to appellants.
   All concurred.