WILLE WITTBOLD & COMPANY v LINCOLN PARK

1. MUNICIPAL CORPORATIONS—CITY OFFICIALS—LIABILITY.

City councilmen who had adopted a resolution declaring plaintiff's premises to be a nuisance and ordering the removal or abatement of that nuisance within 30 days were liable to plaintiff in trespass where the house was demolished without giving plaintiff adequate notice that the council was going to consider the nuisance question and without giving plaintiff the right to a hearing regarding the council's actions.

2. MUNICIPAL CORPORATIONS—CITY OFFICIALS—GOVERNMENTAL IMMUNITY.

Governmental immunity does not extend to officers of a municipal corporation who act illegally and beyond the scope of their governmental authority.

3. MUNICIPAL CORPORATIONS—BUILDING INSPECTOR—LIABILITY.

A city building inspector was not liable in trespass to plaintiff, whose residential property had been demolished upon order of the city council, where the inspector was not in any way responsible for the city council's illegal action in declaring the premises to be a nuisance and in ordering the demolition without giving plaintiff adequate notice and a hearing, and where the building inspector had no authority to countermand the city council's orders.

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 February 1, 1972, at Detroit. (Docket No. 11642.) Decided June 26, 1972. Leave to appeal denied, 388 Mich 776.

Complaint by Wille Wittbold & Company, a corporation, against the City of Lincoln Park and Arnold Gregory, Frank Kozma, Frank LaFata,

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 63 Am Jur 2d, Public Officers and Employees § 288.
[2] 63 Am Jur 2d, Public Officers and Employees § 291.

Max F. Schiebold, and Russell V. White, city councilmen, Charles W. Carleton, building inspector, and Thomas Knowles, building department superintendent, for trespass for illegal demolition of plaintiff's residential property. Summary judgment for City of Lincoln Park; no judgment entered against defendant Knowles; judgment for plaintiff against the other defendants. Defendants appeal. Reversed as to defendant Carleton; affirmed as to the other defendants.

*Stroia & Stroia (by Michael A. Guest),* for plaintiff.

*Robert E. Butcher,* for defendants.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

J. H. GILLIS, J. Defendants, individual members of the City Council of Lincoln Park, and Charles W. Carleton, Building Inspector of the City of Lincoln Park, appeal the judgment in trespass entered on behalf of plaintiff in the amount of $5,200 with costs for the illegal demolition of plaintiff's residential property. The City of Lincoln Park, originally included as a defendant, was discharged from this action on grant of a motion for summary judgment. No appeal having been taken from that judgment, the city is not now involved before this Court on appeal. Furthermore, no judgment was entered by the lower court in this cause of action against defendant, Thomas Knowles, building department superintendent. This determination was likewise not appealed by plaintiff.

Officials of the Building Department of the City of Lincoln Park caused an inspection to be made of plaintiff's structure, and, based upon that inspec-

tion, determined that the structure was in such a dilapidated and deteriorated condition as to constitute a nuisance under the city's building code and the state housing law. A report was prepared and forwarded to the city council with the recommendation that the council order the structure demolished. On March 6, 1967, the Lincoln Park City Council, at a regularly scheduled meeting, adopted a resolution declaring the premises owned by plaintiff to be a nuisance, ordering the removal or abatement of the nuisance within 30 days, and directing that a copy of the resolution be served upon plaintiff by mailed notice, certified and return receipt requested. A copy of the resolution was mailed on March 7, 1967, and received by plaintiff on March 9, 1967. On May 1, 1967, the city council, being advised by Mr. Carleton, the city Building Inspector, that the nuisance on the premises in question had not been abated or removed, adopted at a regularly scheduled meeting a resolution directing the department of public service superintendent to raze the structure. The structure in question was demolished on May 18, 1967, by work crews of the City of Lincoln Park under the direction of the department of public service superintendent, Thomas Knowles. The trial court found the councilmen who had passed the resolution to raze the house and Charles Carleton, who recommended to the council that the premises be destroyed, liable to the plaintiff. This appeal followed.

Two main issues are presented on appeal: (1) whether or not the plaintiff was denied procedural due process when defendants demolished his home, and (2) whether defendants can assert "sovereign immunity" thus being absolved from tort liability in this case.

In considering whether defendant city observed procedural due process in proceeding under § 27 of its charter, we conclude there was a denial of adequate notice and hearing. (For a complete discussion of the law and reasoning compelling such a conclusion, the reader is referred to the companion case of *Geftos v Lincoln Park,* 39 Mich App 644 [1972]). Plaintiff was afforded no notice of the issues which were to be taken up at the council meetings of March 6 and May 1 regarding his property. Alternatively, the resolution passed on March 6, though subsequently mailed to plaintiff, failed to include notice of the right to a hearing regarding the council's determinations.[1] As the trial judge in his opinion so correctly stated:

"There was no notice given to these people that any hearing was going to be had by the council to decide whether their building corresponded to the code or didn't, or was a public nuisance or a private nuisance. Therefore, any act that proceeded after that time on the part of the council, was illegal; no legal notice having been given their action did not bind, in my opinion, the owners of the property.

"* * * [B]efore any condemnation or destruction of property can be undertaken, notice must be given and a hearing had. In this case, exactly the opposite was done. The decision was made and then the notice was sent, which, in my opinion, renders the whole proceeding improper, illegal, unjust and indefensible."

In light of the above, we conclude that in the

---

[1] In *Himes v City of Flint,* 38 Mich App 308, 316 (1972), this Court, in reversing the lower court's denial of a motion for summary judgment as to the liability of the City of Flint for its failure to provide adequate notice prior to proceeding with the demolition of plaintiffs' property, stated: "Therefore, not only did the notice fail to comply with the mandatory provisions of the applicable ordinance but it also was constitutionally defective in that it did not advise plaintiffs of their right to a hearing before the city board of appeals prior to demolition."

demolition of plaintiff's house there occurred a taking of property without due process of law.[2]

Defendant councilmen further assert that since the City of Lincoln Park could not be held liable in this action (it allegedly being immune from tort liability when engaged in the performance of a governmental function) as exemplified by its discharge as party defendant on a motion for summary judgment, it follows that those officers and agents performing the functions on behalf of the city likewise are endowed with the affirmative defense of "sovereign immunity". While it is true that the city was discharged from this action on the basis of governmental immunity, it must be remembered that no appeal was taken to this Court from said determination. As the trial judge pointed out in his opinion:

"It has been argued that the council is not liable, and the city has been released from the case, which makes me very sorry because I think the city should be liable and I am not sure that, had the argument been made to myself, that I would have released the city from the possibility of being liable because I am not certain that the law is that way, but it's been done and I am not going to quarrel with my brother judges as to their decisions. No appeal has been taken from the decision, therefore, the City of Lincoln Park cannot be held."

In *Maki v East Tawas,* 385 Mich 151 (1971), the Michigan Supreme Court declared unconstitutional MCLA 691.1407; MSA 3.996(107), which provided a governmental agency engaged in the exercise of a governmental function immunity from tort liability. Furthermore, inasmuch as the instant case involves an uncompensated taking which is prohibited by the Federal and state con-

---

[2] Likewise, defendants' claim of estoppel fails for the reasons set forth in *Geftos v Lincoln Park,* 39 Mich App 644 (1972).

stitutions, it is doubtful that "sovereign immunity" would in any way apply. Additionally, the Court in *Maki,* p 158, in discussing the distinction between "negligence" and "tort" stated:

> "As the trial judge pointed out, the headings in *Prosser on Torts* refer to actions based on nuisance, *direct trespass,* assault and battery, false arrest, deceit, defamation, abuse of process, malicious prosecution and economic duress—all of which are tort actions apart from negligence and all of which might be brought against a governmental body."[3] (Emphasis supplied.)

In light of the above, it is doubtful that defendants' argument of "extension of governmental immunity to officers" is of much merit. In any event, it is pointed out that cases cited prior to the *Maki* decision holding that governmental immunity extends to officers *acting in their official capacity* are not in point here.[4] The defendant councilmen were acting *illegally* and beyond the scope of their authority in the case at bar, and, therefore, would not be afforded the protection of sovereign immunity which might have been theirs prior to *Maki* in a proper case (negligence action as opposed to a trespass action) *if* they were acting legally. *Laraway v Williams,* 201 Mich 617 (1918); *Swart v Kimball,* 43 Mich 443 (1880); *Land v Dollar,* 330 US 731; 67 S Ct 1009; 91 L Ed 1209 (1947). Consequently, we hold that the councilmen, in their individual capacity, can be held personally liable to plaintiff for the trespass which occurred.

Finally, we address ourselves to the liability of

---

[3] See also *Robinson v Wyoming Twp,* 312 Mich 14 (1945), which held that a municipality is liable for injuries resulting from its direct act or trespass regardless of whether it was acting in a public or private capacity.

[4] See, *Rose v Mackie,* 22 Mich App 463 (1970); *Popielarski v City of Warren,* 380 Mich 651 (1968); *McDowell v State Highway Commissioner,* 365 Mich 268 (1961).

the city building inspector, Charles W. Carleton. We cannot see how this individual was in any way responsible for the illegal action taken by the city council. The official action declaring the premises a nuisance and having it demolished were the resolutions passed by the city council. Mr. Carleton had no authority to countermand these orders. The responsibility for demolishing plaintiff's structure without having observed the notice and hearing requirements of procedural due process cannot be said to fall on defendant Carleton. Consequently, we reverse the lower court's ruling regarding Charles W. Carleton, though affirm with respect to the other defendants.

Reversed in part and affirmed in part. Costs to appellee.

All concurred.