George R. BENTON, Respondent,

v.

**MUTUAL OF OMAHA INSURANCE COMPANY, Appellant,**

**Minnesota State Bar Association, Defendant.**

**No. C8–92–1693.**

Court of Appeals of Minnesota.

May 25, 1993.

Review Denied July 19, 1993.

Duane E. Arndt, Arndt & Benton, P.A., Minneapolis, for respondent.

Robert S. Cragg, Cragg & Fobbe, Hopkins, for appellant.

Considered and decided by CRIPPEN, P.J., and DAVIES and AMUNDSON, JJ.

## OPINION

CRIPPEN, Judge.

This case concerns the standards governing notification to an insured about reductions in insurance benefits.

## FACTS

In 1975, respondent George R. Benton obtained an accident and disability insurance policy from appellant Mutual of Omaha Insurance Company. Benton acquired the policy through his membership in the Minnesota State Bar Association. The association had negotiated a master policy group insurance contract with Mutual of Omaha. In 1977, the bar association and Mutual of Omaha renegotiated the policy, reducing the disability benefits. For disabilities occurring after age 63, benefits were reduced from 520 weeks to 104 weeks.

Benton paid insurance premiums from 1975 until he became disabled in 1986. After receiving disability payments for two years, he was informed that he had received the maximum benefits under his policy. Benton sued for breach of contract, breach of fiduciary duty and negligence. At trial, Benton claimed that he did not receive proper notice of the reduction in benefits. The evidence included a copy of an envelope, postmarked in 1977, addressed to Benton and bearing Mutual of Omaha's return address. It included a letter bearing a Minnesota State Bar Association letterhead and containing information about the decreased benefits.

Moving for a directed verdict at the end of the trial, Mutual of Omaha claimed that the contract statute of limitations barred suit and that the trial court should determine adequacy of notice as a question of law. The trial court denied its motion. The jury found for Benton, stating that while he had received notice, the notice was inadequate. Mutual of Omaha then moved for judgment notwithstanding the verdict and the court denied its motion.

## ISSUES

1. Should the jury decide as a question of fact whether an insurer's notice of a reduction of benefits is adequate?

2. Was the appellant's notice adequate?

## ANALYSIS

### 1.

■ Mutual of Omaha argues that the trial court erred in submitting to the jury the question on adequacy of notice. As the insurer contends, courts consistently have held that the factfinder determines whether notice was given, but the courts determine as a question of law whether a written notice was adequate. *See Sapiente v. Waltuch,* 127 Conn. 224, 15 A.2d 417, 418 (1940); *Farrell v. Brown,* 111 Idaho 1027, 729 P.2d 1090, 1095 (App.1986); *Holland v. King,* 500 N.E.2d 1229, 1238 (Ind.App. 1986); *Cole v. The C. & N.W. R.R.,* 38 Iowa 311, 312 (1874); *Himes v. City of Flint,* 38 Mich.App. 308, 196 N.W.2d 321, 323–24 (1972); *Smith v. State,* 106 N.M. 368, 743 P.2d 124, 127 (App.1987); *see also* 58 Am. Jur.2d *Notice* § 44 (1989); 75A Am.Jur.2d *Trial* § 762 (1991). On appeal, this court will review the adequacy of notice as an issue of law. *See Turner v. Alpha Phi Sorority House,* 276 N.W.2d 63, 66 (Minn. 1979) (where trial court erroneously submits legal question to jury, supreme court reviews issue as a question of law).

### 2.

■ When an insurer substantially reduces a policyholder's coverage, it has an affirmative duty to notify the policyholder in writing. *Canadian Universal Ins. Co.*

*Ltd. v. Fire Watch, Inc.,* 258 N.W.2d 570, 575 (Minn.1977). If proper notice is not given, any reduction in coverage is void and the terms of the prior policy apply. *Id.* The insurer must bring the changes to the policyholder's attention by sending a cover letter or by placing a conspicuous heading on the amendatory endorsement. *Id.; Campbell v. Insurance Serv. Agency,* 424 N.W.2d 785, 790 (Minn.App.1988). To be fair to the policyholder, any limitation on coverage must be prominently placed and clearly stated. *Canadian Universal,* 258 N.W.2d at 575; *Campbell,* 424 N.W.2d at 790.

■ In this case, Mutual of Omaha did not adequately notify Benton that his disability benefits were being significantly reduced. The company's letter was labeled "Minnesota State Bar Association Disability Insurance Program." This label may have informed the policyholder that the letter concerned his insurance, but it did not indicate that significant changes were being made. Also, there was nothing conspicuous in the letter informing the policyholder that it was an important document that should be read with care.

Additionally, the primary appearance of the letter is promotional rather than informational. The first paragraph of the letter merely states that its purpose is to apprise of the "measures which have been taken" effective with the anniversary of the master contract. The second and third paragraphs state that the premiums do not reflect the cost of the benefits and that changes are necessary "to continue the program on a basis that remains attractive to the majority of the membership." The fourth paragraph says that the association "arrived at benefit changes contained in [an attached rider form]." The attached form contains a full, technical description of benefits, but without signaling which provisions are new. It is not until the second page that the letter states that disability benefits are being cut. And this sentence is followed by the statement, "Also an attractive rehabilitation provision has been added."

This written notice employs a heading and content which do little to apprise a reasonable recipient that primary benefits were being decreased significantly. It fails to put the limits prominently before the insured, and thus was inadequate.

Mutual of Omaha argues that Benton's breach of contract claim is barred by the six-year statute of limitations, because the cause of action accrued when the contract was modified in 1977. *See* Minn.Stat. § 541.05, subd. 1(1) (1990). But, the contract was not modified in 1977, because Mutual of Omaha could not change the policy absent adequate notice. *Canadian Universal*, 258 N.W.2d at 575. Put more significantly, the breach occurred in 1988 when Mutual of Omaha stopped payment, and thus the statute of limitations does not bar suit.

### DECISION

Mutual of Omaha failed to provide adequate notice in 1977 that it was decreasing benefits, and thus the changes to the policy are void.

**Affirmed.**