KOSKI v ALLSTATE INSURANCE COMPANY

Docket Nos. 155428, 158853. Submitted April 19, 1995, at Detroit. Decided September 1, 1995, at 9:10 A.M. Leave to appeal sought.

Thomas Koski brought an action in the Saginaw Circuit Court against Allstate Insurance Company, seeking indemnification under a homeowner's policy for a judgment entered against him in a negligence action brought by his wife on behalf of their child for personal injury sustained by the child. Until an exclusion that took effect in 1982, the Allstate policy had provided liability insurance coverage for liability suits by members of the insureds' household against each other. A jury determined as a matter of fact that Allstate had given Koski insufficient notice of the elimination of coverage for intrafamily liability suits, and the court, Lynda L. Heathscott, J., determined that Allstate had not been prejudiced by Koski's noncompliance with policy requirements regarding notifying Allstate of the negligence action. The court granted summary disposition for Koski and denied a motion by Allstate for a rehearing. Allstate appealed from the order of summary disposition and the order denying rehearing. The appeals were consolidated.

The Court of Appeals *held:*

1. The adequacy of written notice by an insurer to an insured regarding a reduction in coverage is a question of law, not a question of fact. The trial court in this case erred in submitting to the jury the question of the adequacy of Allstate's notice to Koski of the elimination of coverage for intrafamily liability suits. However, the trial court's error was harmless because the notice provided by Allstate failed to call Koski's attention to

References

Am Jur 2d, Insurance §§ 448, 1333; 2033.

Insurance company as bound by greater coverage in earlier policy where renewal policy is issued without calling to insured's attention a reduction in the policy coverage. 91 ALR2d 546.

Modern status of rules requiring liability insurer to show prejudice to escape liability because of insured's failure or delay in giving notice of accident or claim, or in forwarding suit papers. 32 ALR4th 141.

the exclusion of coverage and therefore was inadequate as a matter of law.

2. Where, as here, an insurer provides to an insured inadequate notice of a reduction in coverage upon renewal of a policy, the insurer is bound by the greater coverage in the earlier policy.

3. The trial court correctly ruled as a matter of law that Allstate had not been prejudiced by any defect in Koski's compliance with the notice provisions of the policy. Allstate received notice of the child's injury and the negligence action and judgment against Koski, but took no action to protect its interest or that of its policyholder.

Affirmed.

1. INSURANCE — RENEWAL — REDUCTION IN COVERAGE — NOTICE.

An insurer must call its insured's attention to any reduction in coverage upon renewal; whether the insurer has provided adequate notice to the insured of a reduction in coverage is a question of law; where the insurer provides the insured inadequate notice of a reduction in coverage, the insurer is bound by the greater coverage in the earlier policy.

2. INSURANCE — LIABILITY INSURANCE — NOTICE OF COVERED OCCURRENCES.

Failure by an insured to comply with the requirements of the insurance policy regarding notifying the insurer of an occurrence does not result in prejudice to the insurer where the insurer takes no action to protect its interest and that of its insured upon receiving notice of the occurrence and the resulting negligence action and judgment against the insured.

*Professional Offices of Frank & Forster* (by *Michael J. Forster*), for the plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and T. G. KAVANAGH,* and S. T. DAVIS,** JJ.

MICHAEL J. KELLY, P.J. Plaintiff, Thomas Koski,

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1995-1.

** Circuit judge, sitting on the Court of Appeals by assignment.

brings this action to recover indemnification from defendant under his homeowner's policy. Plaintiff began buying homeowner's coverage from defendant in 1976 and continued to renew and maintain the coverage in succeeding years by paying the annual premiums billed by defendant. The original policy contained provisions relating to notice of claim in the event of accident, as well as homeowner's and liability protection. These coverages were varied and shrunken in later years.

Defendant, Allstate Insurance Company, mailed to plaintiff in 1982, a package containing a cover letter, a brochure describing changes in coverage, and a copy of a revised insurance policy that was to be effective upon receipt of plaintiff's 1982 premium payment. The cover letter invited the reader to "take a few minutes to read your new policy [and] the enclosed booklet," and set forth several features of the new policy without mentioning any exclusions from coverage. The enclosed brochure contained the language, "An exclusion has been added stating that we will not provide liability protection when members of the same household are engaged in a liability suit against each other."

This policy also contained notice provisions comparable to those in the earlier policy. Plaintiff renewed the coverage with payment of his premium.

On October 31, 1984, plaintiff's daughter, Nikki Koski, was seriously injured in an accident involving machinery being operated by the plaintiff. Plaintiff reported the accident to defendant and was informed that he did not have liability coverage for the accident. Plaintiff sought legal advice.

In May of 1986, defendant received a letter from an attorney indicating that he had been retained by Nikki Koski's mother, Marsha M. Koski, to

pursue an action against plaintiff in connection with Nikki's accident. In responding to the defendant's report of the attorney's letter, defendant's agent expressed a belief to plaintiff that any suit brought against the plaintiff by Nikki or Marsha Koski, both of whom lived with plaintiff, would not be covered under plaintiff's liability policy because they were "insured persons" for purposes of the policy. Thereafter, Nikki and Marsha Koski brought a negligence action against plaintiff. It is undisputed that the action against plaintiff would have invoked liability coverage under the original policy and annual renewals thereof until 1982.

A default judgment in the underlying suit was entered against plaintiff on February 5, 1990. Upon being notified of the judgment in May of 1990, defendant declined to make payment. An amended default judgment was entered in the underlying suit on January 3, 1991. The plaintiff initiated this action for breach of contract on October 26, 1990, and defendant claimed in its defense not only that coverage was excluded, but that plaintiff had forfeited any coverage by failure to notify defendant of the underlying suit as required by the policy.

In November of 1991, trial was held in the circuit court and limited issues were submitted to the jury. The jury found that the material received by the plaintiff and sent by the defendant to him in 1982 did not "call to the policyholder's attention a reduction in coverage."

Following delivery of the jury's special verdict, both parties filed motions for summary disposition. In denying defendant's motion, the court held "that whether the notice given to Mr. Koski that his policy had changed was sufficient to alert him to the elimination of liability for [sic] coverage between family members was a question of fact for

the jury," and the jury resolved that question in favor of the plaintiff.

The court, finding that plaintiff had effectively complied with the notice requirements of the policy, entered an opinion and order granting plaintiff's motion for summary disposition on June 25, 1992. Defendant appeals as of right from that opinion.

A defense motion for reconsideration was denied on July 24, 1992, and judgment was entered for the plaintiff on November 16, 1992, which defendant also appeals from as of right.

We are asked to determine if the trial court erred in allowing a jury to assess the sufficiency of notice to an insured of a change in coverage. This raises a question subject to review de novo by this Court. *Westchester Fire Ins Co v Safeco Ins Co,* 203 Mich App 663, 667; 513 NW2d 212 (1994). We find that the circuit court erred in submitting to the jury the question of the adequacy of the notice of the exclusion because this was a question of law for the court. However, the error was harmless because the notice provided by defendant was inadequate as a matter of law.

An insured is obligated to read the insurance policy and to raise questions concerning coverage within a reasonable time after issuance of the policy. *Transamerica Ins Corp v Buckley,* 169 Mich App 540, 546; 426 NW2d 696 (1988); *Parmet Homes, Inc v Republic Ins Co,* 111 Mich App 140, 145; 314 NW2d 453 (1981). However, an exception to this rule exists "where a policy is renewed without actual notice to the insured that the policy has been altered." *Id.* at 145. Where a renewal policy is issued without calling the insured's attention to a reduction in coverage, the insurer is bound to the greater coverage in the earlier policy. *Id.; Industro Motive Corp v Morris Agency, Inc,* 76

Mich App 390, 396-397; 256 NW2d 607 (1977). The rule that attention must be called to the reduction in coverage, and not merely to the fact that a policy has been revised, is consistent with *Giles v St Paul Fire & Marine Ins Co,* 405 F Supp 719, 724 (ND Ala, 1975), in which it was held that an "insurer should be able to enforce only those changes in coverage as to which the insured has been reasonably informed."

In *Himes v City of Flint,* 38 Mich App 308, 314; 196 NW2d 321 (1972), this Court held in a noninsurance setting that the issue whether notice complied with a controlling ordinance and procedural due process was one of law. Relying in part on the authority of *Himes,* federal and other state courts have held that in the absence of a dispute concerning some predicate fact, the adequacy of written notice of a reduction in an insurance policy's coverage is a question of law for the court. *Adams v Greenwood,* 10 F3d 568, 571 (CA 8, 1993), *Benton v Mutual of Omaha Ins Co,* 500 NW2d 158, 160 (Minn App, 1993), and cases cited therein. Therefore, the circuit court erred in submitting this question to the jury. However, as stated above, any error was harmless because the jury's finding that the notice provided by defendant did not call plaintiff's attention to the new exclusion from coverage was correct as a matter of law.

In this case, the notice to plaintiff of the new exclusion consisted of a single unemphasized reference in a twelve-page booklet. It is not clear that unambiguous language in a brochure must necessarily provide greater notice than equally unambiguous language in a policy. In arguing that the issue is whether the language in the brochure was ambiguous, defendant has entirely failed to recognize that it had an affirmative obligation to call its insured's attention to a reduction in coverage.

Defendant ignores this obligation in suggesting that *Parmet Homes* and *Industro Motive* are inapplicable to the facts of the instant case because the cover letter sent by defendant along with its 1982 policy suggested that plaintiff "take a few minutes to read [his] new policy." The more significant fact about the cover letter is that it specifically noted several policy amendments favorable to the insured, but failed to mention any exclusion. The conclusion that defendant did not wish for plaintiff's attention to be drawn to the new exclusion is inescapable.

The conclusion that defendant did not provide plaintiff with adequate notice of the new coverage exclusion is supported by foreign authorities. *Campbell v Ins Service Agency,* 424 NW2d 785, 790 (Minn App, 1988).

In *Mundy v Lumberman's Mutual Casualty Co,* 783 F2d 21 (CA 1, 1986), the Court found that the insurer had provided adequate notice of the coverage restriction, because "even 'a casual reading of the mailed material' would have given the plaintiffs adequate notice." Defendant has cited no case from any jurisdiction in which notice such as that provided in this case was found to be adequate to call an insured's attention to a reduction in coverage.

Defendant also asks us to consider and decide the question whether the failure of the plaintiff to read the new policy and the booklet excuses defendant's insufficiency of notice. Again, this raises a legal question subject to independent review by this Court. *Westchester Fire, supra* at 667. Defendant relies on authorities indicating when proof of proximate cause is sufficient to allow recovery in a negligence cause of action. However, defendant has entirely failed to demonstrate that these principles are applicable to the instant case. According

to *Parmet Homes, supra,* and *Industro Motive, supra,* an insurer's failure to call an insured's attention to a reduction in coverage in a renewal policy binds the insurer to an earlier policy's more extensive coverage.

Defendant also asks us to decide if the trial court erred in summarily deciding that an insured has complied with the notice provisions of an insurance policy. In ruling on a motion for summary disposition filed under MCR 2.116(C)(10), the court must consider the affidavits, pleadings, depositions, admissions, and documentary evidence submitted or filed in the action. The court's task is to review the record evidence, and all reasonable inferences therefrom, and decide whether a genuine issue of any material fact exists to warrant a trial. *Skinner v Square D Co,* 445 Mich 153, 161; 516 NW2d 475 (1994).

The circuit court properly found as a matter of law that defendant had not been prejudiced by any defect in plaintiff's compliance with the notice provisions of his insurance policy.

In *Waller v Cummins,* 330 Mich 286; 47 NW2d 612 (1951), an insurer was informed of an accident by its insured, and received, from another source, notice of a resulting property damage lawsuit. The Supreme Court reasoned that "if the insurance company received adequate and timely information of the accident or the institution of an action for the recovery of damages it is not prejudiced, regardless of the source of its information." *Id.* at 293.

In *Wendel v Swanberg,* 384 Mich 468; 185 NW2d 348 (1971), the insured was obligated by contract to provide the insurer with timely written notice of any "occurrence," and was additionally obligated, in the event that a suit was brought against her, to immediately forward every demand, notice,

summons, or other process received. *Id.* at 472-473. After an accident covered by the policy, the insurer was informed of the accident, made an investigation and offered a settlement. When suit was brought against the insured, the insurer was not notified and a default judgment was entered. *Id.* at 473. The insured, a defendant in a subsequent garnishment action, appealed an adverse judgment, and the Supreme Court held that the insurer was not entitled to a directed verdict because a jury could find there was no prejudice to the insurer from the insured's failure to advise of the suit.

In *Burgess v American Fidelity Fire Ins Co,* 107 Mich App 625; 310 NW2d 23 (1981), an insurer received no formal notice of an action against its insured until after entry of a default judgment. The trial court reasoned that, assuming the insurer was prejudiced by lack of an opportunity to defend, such prejudice does not become material where the insurer, upon notice, does not act or properly act to protect its interest or that of its policyholder. *Id.* at 630. The finding that the insurer had not been prejudiced was affirmed by this Court. *Id.* at 630-631; see also *Kleit v Saad,* 153 Mich App 52, 58; 395 NW2d 8 (1985) (notice of an action given after entry of a default judgment was "prompt, reasonable notice").

The cited authorities oppose defendant's arguments that an insured is excused from compliance with notice requirements only after formal denial of a claim, that notice preventing prejudice to an insurer can be conveyed only by an insured and not by the person injured by the insured, and that an absence of notice of an action until after entry of a default judgment conclusively establishes prejudice. Because defendant received prompt notice of

plaintiff's daughter's accident, as well as inquiries from the daughter's attorney suggesting an impending suit and notice of a default judgment, in response to all of which defendant took no action to protect its interests, defendant was not prejudiced by plaintiff's failure to provide timely notice of the suit against him. When the facts are undisputed and only one conclusion is reasonably possible, the question of compliance with notice requirements in an insurance policy is one of law. *Wehner v Foster,* 331 Mich 113, 120; 49 NW2d 87 (1951).

In finding that the question whether the material sent to plaintiff along with his 1982 insurance policy called his attention to the coverage exclusion at issue was one of fact for the jury, the circuit court erred. However, the error was harmless because the notice provided by defendant was inadequate as a matter of law. The circuit court properly found that defendant had not been prejudiced by any defect in plaintiff's compliance with the notice provisions of the insurance policy.

Affirmed.