# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 19, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

141510

CYNTHIA C. RUZAK,
           Plaintiff-Appellee,

v

USAA INSURANCE AGENCY, INC.,
           Defendant-Appellant,
and

JAY D. RUZAK,
           Defendant.

SC: 141510
COA: 288053
Grand Traverse CC: 06-025177-NI

_____/

On order of the Court, the application for leave to appeal the April 27, 2010 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

YOUNG, J., would grant leave to appeal.

MARKMAN, J. (*dissenting*).

I respectfully dissent from the Court's order denying leave to appeal. This Court stated long ago in clear and certain terms that a party to a contract has the "duty to examine the contract, to know what he signed, and complainants cannot be made to suffer for this neglect upon his part." *Liska v Lodge*, 112 Mich 635, 637-638 (1897). Like all parties to a contract, insurance policy holders are obligated to read their policies. *House v Billman*, 340 Mich 621, 627 (1954). Even if the insureds have not read the policy, they are charged with knowledge of its terms. *Komraus Plumbing & Heating, Inc v Cadillac Sands Motel, Inc*, 387 Mich 285, 290 (1972). The Court of Appeals has recognized an exception to this fundamental principle "'where a policy is renewed without actual notice to the insured that the policy has been altered.'" *Koski v Allstate Ins Co,* 213 Mich App 166, 170 (1995), quoting *Parmet Homes, Inc v Republic Ins Co*, 111 Mich App 140, 145

(1981). If a renewal policy is issued without calling the insured's attention to a reduction in coverage, the insurer is bound to the greater coverage in the earlier policy. *Koski*, 213 Mich App at 170. This exception is generally known as the "renewal rule." I would grant defendant's application for leave to appeal because, in my judgment, this Court should closely consider whether plaintiff can avail herself of this rule in this case.

Plaintiff, Cynthia Ruzak, was injured while riding in a car driven by her husband, Jay Ruzak. The Ruzaks had an automobile insurance policy through defendant, USAA Insurance Agency, Inc. They assert that they had obtained automobile insurance through defendant since 1966. The Ruzaks had moved to Michigan in 1997, and received a new policy through defendant providing coverage under Michigan law. The policy limits for bodily injury were $300,000 for an individual and $500,000 per occurrence. However, the policy contained a limitation for claims filed by a family member against a named insured. In this circumstance, the policy limits for bodily injury were $20,000/$40,000, the minimums permitted under Michigan law.

Immediately before they moved to Michigan, the Ruzaks lived in Indiana. The Indiana policy contained a *complete* exclusion for claims by a family member against a named insured. Allowing the lower courts' rulings to stand binds defendant here by the renewal rule to the greater coverage in the policy, even though the policy's clear terms expressly limit coverage in the present situation. This application of the renewal rule deserves further consideration for two reasons. First, it is unclear whether the policy at issue can properly be deemed a "renewal." Insurance regulation is a matter of state law, and when the Ruzaks moved to Michigan, Mr. Ruzak received a policy that conformed to Michigan law. I am not yet persuaded that an insured in these circumstances could reasonably expect that coverage under the new policy would be identical to that under the old policy — that is, that the policy would even be considered a true "renewal." Thus, I am not yet persuaded that he is relieved of his obligation to actually read his policy. Second, applying the renewal rule on these facts is problematic because the Michigan policy actually *increased* the coverage from that of the Indiana policy. The renewal rule has previously applied only when there has been a "reduction in coverage." *Koski,* 213 Mich App at 170. Had the accident occurred while the Indiana policy was in effect, plaintiff would not have been covered at all. For these reasons, I would grant leave to consider the application of the renewal rule in this case.

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 19, 2010

Clerk